THOMAS W. ROBBINS et al. *v.* DUGALD McMILLAN, Administrator, &c.

It has been decided heretofore by this court, that it is improper practice to file a demurrer to a plea in the probate court.

The rule is well settled, that all parties to a deed are bound by the recitals in it, legitimately appertaining to the subject-matter of it. This rule applies to privies in blood, privies in estate, and privies in law.

ON appeal from the probate court of Franklin county; Hon. D. C. Graham, probate judge of Franklin county.

The appellants filed their petition in the probate court of Franklin county, at the April term, 1851, against Dugald McMillan, administrator of the estate of Thaddeus J. Maxwell, deceased, praying for distribution, &c. The petition alleges that the petitioners, Margaret and Martha, with Mary Maxwell, the widow of said decedent, Franklin C. Maxwell and William C. Maxwell, infants, and Jane Parker, are the only distributees of said decedent's estate. Process was issued, and duly served upon all the parties. Upon the return of process executed, a guardian *ad litem* was appointed to represent the interest of the minors in the proceeding, upon whom process was served, and who appeared and filed his answer.

At the June term, 1851, of the probate court of Franklin county, the defendant Dugald McMillan appeared and filed his

Robbins et al. *v.* McMillan.

demurrer to the petition of the appellants, which demurrer was sustained by the probate court. The petitioners, under leave of the court, filed an amended petition. In the amended petition, appellant alleges, that Thaddeus J. Maxwell died in October, 1849, leaving personal estate, consisting of slaves, &c.; that McMillan was appointed, by the probate court of Franklin county, his administrator, on 11th March, 1850; that said Thaddeus died, leaving his widow, Mary Maxwell; that he left surviving him no children nor descendants of children, no brothers nor sisters, no uncles nor aunts, no father nor mother, nor descendants of such, except petitioners Margaret and Martha, Franklin C. Maxwell and William C. Maxwell, children of William C. Maxwell, deceased, the paternal uncle of said Thaddeus, deceased, who was a son of James J. Maxwell, deceased, and Jane Parker, who are the only next of kin of said decedent, and, with the widow of said decedent, the only persons entitled to distribution of said decedent's estate. That said McMillan, as administrator of said decedent, had in his hands considerable personal estate for distribution; that the widow of said decedent is entitled to one half of said decedent's estate, and petitioners Margaret and Martha, and Franklin C. Maxwell, William C. Maxwell, and Jane Parker, to the remaining half; that more than twelve months have elapsed since grant of letters of administration to McMillan on said estate. Petitioners, in this petition, offer to execute a refunding bond to said administrator, and pray for process, and an order compelling the administrator to make distribution of the estate of said Thaddeus, deceased, and to deliver to petitioners the said Margaret's and Martha's share of said estate. To this amended petition McMillan, the administrator of said decedent, filed a plea of estoppel; by which plea, the said administrator charges, that said petitioners Margaret and Martha, being children of William C. Maxwell, deceased, and privies in blood, ought not to be admitted to allege that they are next of kin to said Thaddeus J. Maxwell, deceased, by reason of their descent from said William C. Maxwell, deceased, or that said Maxwell, the paternal uncle of said Thaddeus J. Maxwell, or that said Thaddeus J. Maxwell, is the son of and lawful issue of James J. Maxwell,

deceased, because that the said William C. Maxwell, father of the said petitioners, Margaret and Martha, by his deed, under his hand and seal, bearing date the 11th day of April, 1836, (which said deed is made a part of said plea,) claimed to be next of kin, by representation, to said James J. Maxwell, deceased, and claimed and conveyed his distributive portion of said estate to one Thomas S. Maxwell, for a valid consideration, in said deed expressed; and that he, the said William C. Maxwell, therein expressly asserted and acknowledged, that said James J. Maxwell died without lawful issue; and prays the judgment of the court, if he ought to make further or other answer to said petition. To this plea, the petitioners filed a demurrer. The court overruled the demurrer of petitioners to said plea, who bring the case to this court by appeal.

*H. McKnight* for appellants.

1. The deed of William C. Maxwell, deceased, the ancestor of appellant, to Thomas S. Maxwell, the recitals in which are relied on as a bar to appellants' claim, is not an estoppel in law. It is a mere quitclaim deed, without warranty, upon consideration of love and affection. Such a deed has been decided not to be an estoppel. 21 Ohio, 5.

The recitals in said deed are wholly immaterial. Immaterial recitals do not estop a party. Greenl. Ev., title Estoppel.

2. If the deed or the recitals therein amounted in law to an estoppel, no one but Thomas S. Maxwell, or those claiming under or through him, could avail himself or themselves of the estoppel; strangers cannot. The record shows that McMillan is a stranger to said deed, and is not a privy in blood or estate to Thomas S. Maxwell. 12 S. & M. 9; 3 John. Cases, 101.

3. Estoppels must be mutual, that is, both parties must be bound by them. It cannot be pretended that McMillan is bound by the recitals in said deed. Hence they cannot operate against appellants. 12 S. & M. 9; 2 Johns. R. 382.

*Cassedy* for appellee.

It is said, that the doctrine of mutuality in estoppels will prevent this deed from being enforced as an estoppel. But the

court will find that this doctrine arises from the nature of the instruments to which the doctrine of estoppels was originally applicable to indentures.   Here, both parties were bound by a deed indented, and the estoppel, from the necessity of the case, had to be mutual or to have no existence.   But in deeds-poll, there is but one party bound; the grantor alone in the deed makes those solemn engagements and recitals which are characterized as estoppels, and the grantee making no such admissions, from the necessity of the case cannot be considered as estopped in a technical sense.   2 Smith's Lead. C. 438, 439; 1 Greenl. § 23; 3 Marsh. 303; 9 Wend. 209.

. If there are any estoppels now, this deed constitutes an estoppel in this case, and the court below in so regarding it did not err.

Mr. Justice HANDY delivered the opinion of the court.

This was a petition filed in the probate court by the appellants against the appellee as administrator of Thaddeus J. Maxwell, deceased, claiming distribution of his estate.   The appellants claim as the next of kin of the intestate, alleging that they are the children of William C. Maxwell, deceased, an uncle of the intestate, and that there are no persons having priority of right of distribution over them, under the provisions of our statute, and that the intestate was the son of James J. Maxwell, the brother of the father of appellants.   The administrator filed a plea of estoppel to the petition, averring that the father of appellants, in his lifetime, executed a deed, conveying his interest in the estate of James J. Maxwell, the alleged father of the intestate, to his brother Thomas S. Maxwell, which deed contained this recital, " that, whereas, the said William C. Maxwell is by law entitled to a share of the estate of James J. Maxwell, deceased, as next of kin to said James J. Maxwell, who died without lawful issue," &c., which recital is alleged to estop the appellants from claiming that the intestate was the son of James J. Maxwell, or that their father, who was the brother of James J. Maxwell, was the uncle of the intestate, and so, that they are not entitled to claim as next of kin of the intestate.

37 *

To this plea, the appellants filed a demurrer, which was over-ruled, and hence the case is brought here.

We have heretofore held in the case of *Handy* v. *Gholson* at this term, that it is improper practice to file a demurrer to a plea in the probate court, and that the proper course is to set down the plea for argument, according to the practice in chancery. But, considering the demurrer as raising the same question as if the plea had been set down for argument, the question is, whether the facts stated in the plea are a sufficient answer to the petition.

The deed was executed by the father of the appellants and under whom they claimed. The petition is based on the fact that the intestate was the son of James J. Maxwell, a brother of appellants' father, who is, therefore, alleged to be the uncle of the intestate. The deed recites a fact wholly inconsistent with this claim, to wit, that James J. Maxwell "died without lawful issue."

The rule is well settled, that all parties to a deed are bound by the recitals in it legitimately appertaining to the subject-matter of it. It applies not only to the parties immediately, but to those claiming under them, to privies in blood, privies in estate, and privies in law. *Trevinian* v. *Lawrence*, Salk. 276; 1 Greenl. Ev. § 23–26. Here the matter recited was a material thing connected with the act done. William C. Maxwell was conveying his alleged interest as next of kin in his brother's estate, who is averred to have died without lawful issue. If that fact were not true, he would not have been entitled as next of kin to his brother's estate, for it would have descended to his lawful issue. The averment, therefore, necessarily precludes the fact, that the intestate was the son or lawful issue of James J. Maxwell, and being an admission of that fact by the ancestor of the appellants, and under whom they claim, they are estopped as privies in blood to deny it.

The judgment of the probate court is, therefore, affirmed, and the case remanded, to be proceeded with upon the matter set up in the appellee's plea. If the deed was duly executed and delivered by the appellant's ancestor, and is in all respects valid, as it purports on its face, it precludes the appellants' claim, and

unless it be impeached and be proved to be invalid, the petition will of course be dismissed in the probate court.