GREEN v. MADDOX.

Opinion delivered January 30, 1911.

1. JUDICIAL SALE—EFFECT OF CONFIRMATION.—Upon confirmation of a judicial sale, the commissioner making the sale becomes a constructive trustee for the purchaser; and one who, with knowledge of such trust, pays the purchase money and takes deed to himself will be held to be a trustee for the purchaser and his heirs. (Page 401.)

2. DEEDS—CHAIN OF TITLE—NOTICE.—Every purchaser of land who holds under a conveyance through which he must trace his title is bound by whatever is contained in it, whether he has actual or record notice of it or not. (Page 402.)

3. EJECTMENT—RECOVERY OF BETTERMENTS.—Under Kirby's Digest, § 2754, providing in effect that if any person, believing himself to be the owner, shall improve land under color of title, he shall recover the value of such improvement, etc., one who makes improvements upon another's land in good faith and under color of title will be entitled to recover the value thereof, though his title was defective. (Page 403.)

4. MORTGAGES—CONSTRUCTION OF TRANSACTION.—Where a guardian advanced money to pay the purchase money of land belonging to his wards, and held the land as security, he will be deemed a mortgagee in possession. (Page 404.)

5. SAME—RENTS AND PROFITS—LIABILITY OF MORTGAGEE.—A mortgagee in possession, or his assigns, cannot recover for permanent improvements placed upon the property by him, but only the cost of ordinary repairs made by him while he had possession, and will be chargeable with rents and profits in excess of the mortgage debt. (Page 404.)

Appeal from Greene Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*B. H. Crowley,* for appellant.

1. If the creation of a trust is not manifested by any writing and no fraud has been practiced in obtaining the title, the trust must arise from the payment of the purchase money, and not from any agreement. 50 Ark. 76; 13 Ark. 183; 75 Ark. 40; 76 Ark. 14; 49 Ark. 416; 72 Ark. 456; Tiedeman, Real Prop. 500; 4 Ballard, Real Estate, 738.

2. When J. D. Maddox, by order of the chancery court, paid off the note of Henry Maddox, he was subrogated to all the rights of creditors or heirs. 24 Ark. 63; 52 Ark. 1; 6 Ballard, Real Estate, 279; 2 *Id.* 535; 73 Ark. 197; 120 U. S. 595; 44 Ark. 504; Kirby's Dig., § 510.

3. The court erred in crediting appellee with all rents received from the property. Kirby's Dig., § § 2754-2757; 45 Ark. 410; 48 Ark. 186. In the event of recovery by plaintiff, mesne profits are not recoverable except such as have accrued within three years next before the commencement of the action. Kirby's Dig., § § 2726, 2754, 2456; 51 Ark. 278; 72 Ark. 453; 85 Ark. 561; 86 Ark. 404-5; 92 Ark. 173, 183.

*Huddleston & Taylor,* for appellee.

1. Appellee had the right to redeem. The title of Jeff Maddox was not absolute, but one subject to be defeated by the exercise of the right of redemption by the heirs of Henry Maddox. In order to bar the right of appellee to redeem subsequent purchasers from Jeff Maddox must show that they were purchasers without notice. This could not be done because by reason of their relation to him, they are, under the law, charged with notice of any defects in his title. Devlin on Deeds, § 728; 1 Cyc. 615c; 16 Cyc. 686 and cases cited in note; 43 Ark. 464; 37 Ark. 571; 29 Ark. 651; 10 N. E. 616; 15 Pet. 93; 23 N. E. 754. See also 22 Cyc. 551; 21 Ark. 592; Rodgers on Dom. Rel., § 745.

2. The statute limiting the rents which may be allowed a plaintiff in an action to recover lands is for the benefit of an occupant of lands "believing himself to be the owner thereof." Kirby's Dig., § 2754 *et seq.* This is an action to redeem from a lien existing against the land, and not an action to determine the ownership of the land, within the meaning of the foregoing statute. But, if the foregoing statutes apply in this case, the appellants cannot avail themselves of the three years' limitation because they failed to plead it. 57 Ga. 539; 29 Cal. 330; 27 Cyc. 1838; *Id.* 1840; 55 Ark. 1; 21 So. 483.

FRAUENTHAL, J. This was an action instituted by Hayden Maddox, the plaintiff below, seeking, in effect, to establish his title to an undivided one-half interest in a house and lot situated in the city of Paragould, the legal title to which was in the defendants, and to obtain an accounting of the rents and profits issuing therefrom. On November 17, 1888, the commissioner of the Greene Chancery Court, by virtue and in pursuance of a decree rendered in a proceeding pending in that court, sold the land in controversy to one Henry Maddox, who executed his note for the purchase money thereof. That sale was duly reported by said commissioner to said chancery court, and was confirmed by said court at its regular March term, 1889. The testimony tends to prove that under said purchase Henry Maddox went into possession of, and either built or commenced the erection of a house upon, said lot. Thereafter, and prior to the maturity of the note which he had executed to said commissioner for the

purchase money of said lot, Henry Maddox died, leaving surviving him as his heirs at law the plaintiff and an elder brother, named Donald. At the February term, 1890, of the Greene Chancery Court one J. D. Maddox presented to that court a petition in which he alleged that he was the uncle and guardian of said heirs of Henry Maddox, deceased, and that there were no funds of said decedent's estate out of which to pay the commissioner for the purchase money of said lot sold to Henry Maddox, and that he had paid same out of his own funds. He asked an order of said court directing the commissioner for that reason to execute to him a deed for the lot. The chancery court thereupon made an order directing that the commissioner execute a deed for the lot to said J. D. Maddox, but therein it was expressly provided that there was reserved to said Hayden and Donald Maddox the right to redeem said land by paying the amount of said note executed by their father to said commissioner therefor with lawful interest at any time before they arrived at the age of 24 years. Thereupon the commissioner executed to said J. D. Maddox a deed for said lot in which it was recited that the lot had been sold to Henry Maddox, who died before the maturity of the note given for the purchase money thereof, leaving the plaintiff and his brother as his minor heirs, and that J. D. Maddox, their guardian, had paid the purchase money therefor out of his own means; and, after making specific reference to the page of the record containing the order of the court directing the execution of a deed to J. D. Maddox with the rights of said minor heirs reserved, the deed further recited that the commissioner executed the deed to said J. D. Maddox "with the privilege granted said minors to redeem said lot within three years after their majority on paying the purchase money on said lot with lawful interest." This deed was dated on May 27, 1890, but was never filed for record until May 11, 1908, and after the institution of this suit.

It appears that on December 30, 1890, the lot was levied upon as the property of J. D. Maddox and sold by the sheriff of said county to satisfy an execution in favor of a judgment creditor of said J. D. Maddox, and that a sheriff's deed was executed in pursuance of said sale to the purchaser of said lot thereunder. The defendants claim title to the lot by mesne

conveyances running back to the said purchaser at said sheriff's sale, and under said deeds they and their grantors made valuable and permanent improvements on the lot. At the time of the institution of this action Hayden Maddox was less than and his brother was more than 24 years old, and this suit proceeded solely in the name of said Hayden Maddox. The chancery court entered a decree declaring the plaintiff to be the owner of an undivided one-half interest in the lot and entitled to an accounting as to the rents and profits issuing therefrom. It thereupon appointed a master to make and state an account between the plaintiff and the defendants, and directed that therein the plaintiff should be charged with the amount necessary to pay his portion of the purchase money advanced by J. D. Maddox with interest and the value of all improvements placed upon the land by the defendants and those under whom they claimed title, together with legal interest thereon and with all taxes and assessments paid by them together with interest thereon; and also directed that the defendants should be charged with all rents and profits issuing from said land from the date of said deed to said J. D. Maddox together with interest thereon. The master made a report in accordance with said directions, which was by the court approved, and a decree entered in conformity with such findings. From this decree the defendants have appealed to this court.

The title of the parties to the land involved in this suit depends upon the rights and interests which the plaintiff and J. D. Maddox acquired under the sale thereof made by the chancery court and the deed executed by the commissioner therefor to said J. D. Maddox, because the title of plaintiff is derived from the sale made under the decree of said court, and said deed and that of defendants is deraigned through said J. D. Maddox, who held under said deed. When the commissioner made a sale of said land under the decree of said chancery court to Henry Maddox, and that sale was duly confirmed by that court, a binding contract for the sale and purchase of said land was entered into, and the relation of vendor and vendee was constituted. The commissioner, representing it is true the court, became a trustee of the title for the purchaser, for after the confirmation of the sale Henry Maddox had the equitable title to the land as a pur-

chaser thereof, which could be lost only by a reversal of said
order of confirmation upon appeal or by a foreclosure of the lien
for the purchase money agreed to be paid by him, or by an order
directing a resale of the land on account of its nonpayment.
24 Cyc. 49. In the case of *Stubbs* v. *Pitts,* 84 Ark. 160, it is said:
"The moment that a contract for the sale and purchase of land
is entered into and the relation of vendor and vendee is consti-
tuted, the vendor becomes a constructive trustee for the purchaser.
This is founded on the principle that equity treats that as done
that ought to be done. By the terms of the contract the purchase
price ought to be paid to the vendor, and the land ought to be
conveyed to the vendee; equity therefore regards this as done."
This applies equally to a judicial sale where such sale has
been properly confirmed, and the equitable title thus obtained
by the purchaser has not been lost by foreclosure or resale. In
such case the commissioner, representing the court, becomes the
vendor and holds the legal title for the benefit of the vendee;
and one who with full knowledge of such trust pays the pur-
chase money and takes the deed to himself will be held a trustee
for the vendee and his heirs. When, therefore, J. D. Maddox
paid the purchase money to the commissioner after the sale of
the lot was made by him to Henry Maddox, and that sale was
duly confirmed, he thereby became a constructive trustee for the
heirs of Henry Maddox, to whom his rights descended.

But, in addition to this, J. D. Maddox, by order of the
chancery court and by the terms of the deed under which he
alone could claim any title to the land, obtained only a defeasible
title thereto. By the very terms of the deed, it was provided
that his title would be defeated by the repayment to him within
a specified time of the money which he had advanced. The
effect of that order and the provisions of the deed was the same
as if Henry Maddox or his heirs had procured J. D. Maddox to
agree to take the title to the land in his name for their benefit
and accommodation with the further agreement that he should
hold the title until repaid within a certain time for the money
advanced by him and then to convey it to them. This consti-
tuted the transaction and conveyance, in effect, an equitable mort-
gage, which the heirs of Henry Maddox had the right to redeem.
This interest and right of the heirs of Henry Maddox to the land

was specifically provided for and recited in the deed to J. D. Maddox; and he and all those who claimed title under the deed were bound by those recitals. As is said in the case of *Steed* v. *Kranz,* 32 Minn. 313: "No rule is better settled than this, that one is bound by whatever, affecting his title, is contained in any instrument through which he must trace title, even though it be not recorded, and he have no actual notice of its provisions." Every purchaser who holds under a conveyance through which he must trace his title is bound by whatever is contained in it. It is his imperative duty to obtain and examine all the instruments which constitute essential links in his chain of title, and he is conclusively presumed to know all the recitals and matters contained therein affecting the title or the estate, whether they are recorded or not. 2 Devlin on Deeds, § 1001; 2 Pomeroy, Eq. Jur., § 626; *Blake* v. *Tucker,* 12 Vt. 39; *Robbins* v. *McMillan,* 26 Miss. 434.

It follows that the defendants are affected with notice of the provisions and recitals that were contained in the deed made by the commissioner to J. D. Maddox, through which they deraign title to the land, and that they obtained no better title thereto than was held by him, although they were ignorant of the defeasible estate which he had in the land. The court was, therefore, correct in declaring that the plaintiff was the owner of an undivided one-half interest in the land, subject to the payment of the purchase money which had been advanced therefor for him.

But we think the court was in error in holding that the defendants were chargeable with rents and profits issuing from said land back to the time when the purchaser obtained title thereto under the deed of the sheriff selling the estate of J. D. Maddox therein. J. D. Maddox was, it is true, a mortgagee in possession, and he would be accountable for all rents which issued from the land during the time he held it, and such rents should be applied to the payment of the purchase money advanced by him; and if it did not pay same in full, then the plaintiff would be chargeable with the remainder of said purchase money. But we think that the facts of this case occurring after the purchase of the land under said sheriff's sale bring it within the terms of the betterment act. That statute (Kirby's Digest, § 2754,

*et seq.*) provides that "any person believing himself to be the owner, either in law or equity, under color of title, (who) has peaceably improved or shall peacefully improve any land which upon judicial investigation shall be decided to belong to another" shall be entitled to its benefits.

In the case of *Shepherd* v. *Jernigan,* 51 Ark. 275, it was held that a party who improved lands in good faith under the belief that he was the owner was entitled to the benefits of the betterment act, even though notice of the imperfection of his title might be gained from the registration of a deed in the chain of his title. In *Bloom* v. *Strauss,* 70 Ark. 483, we held that a *bona fide* occupant under a last will which was defective upon its face could claim the benefits of this statute. And in *McDonald* v. *Rankin,* 92 Ark. 173, we said: "He (the occupant) may know the facts which prove the invalidity of his title, yet, if, through mistake of law, he still believes that title good, he can hold in good faith within the meaning of the betterment act."

In the case at bar the evidence clearly shows that the defendants and those under whom they claimed title to the land back to J. D. Maddox believed in good faith in the title under which they occupied the land; and though their title to the undivided one-half interest was imperfect, yet they occupied the land under color of title and in the honest belief in that title. It follows that, in accordance with the betterment act, the plaintiff was entitled to recover the rents and profits of the land which accrued within three years next before the commencement of this suit; and in addition to this he was only entitled to the value of the rents during the period that J. D. Maddox owned the land, in event those rents do not exceed the amount of the purchase money advanced by him. J. D. Maddox being in effect a mortgagee in possession, the defendants cannot recover the value of any permanent improvements made on the lot by him, but only the cost of any ordinary repairs which he may have put on any improvements which were on the lot while he had possession thereof. In all other respects we think the decree of the chancellor was correct.

The decree is reversed, and this cause is remanded with directions to refer the matter to a master, if necessary, for further accounting and to enter a decree not inconsistent with this opinion.