BRINKLEY *v.* WALES-RIGGS PLANTATIONS.

## Opinion delivered April 14, 1913.

1. JUDGMENTS—DEFAULT—SETTING ASIDE—DEATH OF COUNSEL.—When plaintiff, a married woman, brought an action to set aside a default judgment rendered against her, in an action in which she was original plaintiff, "for unavoidable casualty or misfortune, preventing the party from appearing," (Kirby's Digest, § 4431) on the grounds of the death of plaintiff's attorney; the judgment will not be set aside, when it appears that plaintiff took no interest in the suit, and her whole attitude was that of indifference, permitted a judgment to go by default, and did not move to set it aside for two terms of court. (Page 52.)

2. JUDGMENT BY DEFAULT—MARRIED WOMAN.—When it appears from the record that appellant is a married woman, a default judgment against her will not be set aside under section 4431, Kirby's Digest. (Page 53.)

Appeal from Cross Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Block & Kirsch,* for appellant.

1. Snowden, a mere naked trustee with no duties to perform, took nothing under the partition deed, but the entire title, both legal and equitable, vested at once in appellant. Kirby's Dig., § 623; Tiedeman on Real Prop. (3 ed.), 505, 513; Perry on Trusts (2 ed.), § 298; 19 S. E. (N. C.), 375; 62 Ga. 743; 15 S. C. 277; 3 Kan. 292.

2. The saving clause in favor of married women in section 5056, Kirby's Digest, was not abrogated by the enactments giving them the right to hold property and to sue and be sued. 42 Ark. 305; 62 Ark. 316; 64 Ark. 412; 70 Ark. 371.

3. Under the circumstances of this case appellant, who knew nothing of the institution of the suit, nor of the filing of the cross complaint, whose agent, the trustee, the instigator of the suit had died, whose attorney employed by the trustee had died, of which fact she was ignorant, is not chargeable with negligence or laches in not seeking earlier to vacate the decree. The situation presents a case of unavoidable casualty or misfortune within the terms of the statute calling for relief, and,

having a valid cause of action and a valid defense to the cross complaint, such relief ought to be granted. Kirby's Dig., § 4431, subdiv. 7; *Id.*, § § 4433, 4434; 59 Ark. 162; 78 S. W. (Ky.), 1124; 126 N. W. (N. D.), 102.

*Chas. E. Robinson* and *A. B. Shafer,* for appellee.

1. Under Kirby's Dig., § 4434, plaintiff must show herself to have had in the original suit a valid cause of action. She has shown none. The complaint shows she is barred. 17 A. L. R. 836; 108 Ill. 184.

2. Our statute does not execute a passive trust. Kirby's Dig., § § 5802, 6902-3; 53 Ark. 358; 68 Am. St. 17.

3. Plaintiff was barred. The trustee could have brought suit. 68 Am. St. 17; 95 Ark. 438; 88 *Id.* 446; 45 Fed. 529; 113 Mo. 432.

4. Courts will declare the trust estate executed when the same is passive. 4 Am. St. 320; 29 Ga. 651; 36 Fed. 641; 113 U. S. 959.

5. The claim is stale. 55 Ark. 96; 70 *Id.* 374.

6. Unavoidable casualty or misfortune is not shown. 101 Ark. 398.

SMITH, J. Some time prior to May 16, 1895, Robert C. Brinkley died seized and possessed of the northeast quarter of section 28, township 9 north, range 5 east, Cross County, Arkansas. On that date his heirs executed a partition deed to his lands, dividing them among themselves. By said deed the tract above mentioned was conveyed to R. B. Snowden, trustee for Clara F. Brinkley, who was the wife of James M. Brinkley, one of the heirs of the said Robert C. Brinkley. Prior to this, in 1894, at the sale of lands delinquent for the taxes of 1893, said tract was sold to C. W. Riggs, but no tax deed was ever executed to him. Subsequently, in 1899, C. W. Riggs conveyed said tract of land to the Wales-Riggs Plantations, a corporation.

On October 17, 1907, Clara F. Brinkley and R. B. Snowden, as her trustee, brought an action in the chancery court of Cross County against C. W. Riggs and Wales-Riggs Plantations, alleging that the tax sale held in 1894, at which the tract of land above described had

been sold to C. W. Riggs, was void for sundry reasons; that said lands were wild and uninclosed; that plaintiff, Clara F. Brinkley, at the date of said partition deed and ever since has been a married woman; that the defendants had cut timber from said lands; and concluded with a prayer for the cancellation of the title of defendants; that the title of plaintiff, Clara F. Brinkley, be quieted as against them; and that a master be appointed to take an accounting of the timber cut. The attorney for plaintiffs in this action was T. E. Hare, by whom the complaint was signed and who made affidavit in their behalf for a warning order. The answer and cross complaint which are filed is not set out, but at the September, 1910, term of the chancery court, a decree was entered which dismissed the complaint for the want of prosecution, and the court found that cross complainants had paid taxes on the land for seven years under color of title and quieted the title of appellee as against appellant.

On May 6, 1911, the complaint in the present cause was filed by Clara F. Brinkley, in which the facts above stated were set forth, and in addition it was alleged that she and her trustee were nonresidents of the State of Arkansas, and that her said trustee had employed T. E. Hare, a practicing attorney of Cross County, to file her original suit and that her said trustee died on or about October 7, 1909; and that her attorney died on December 24, 1909; and that she remained in ignorance of her attorney's death until after the decree had been rendered against her. That the death of her trustee and attorney was an unavoidable casualty or misfortune which prevented her from appearing and prosecuting her cause of action. In this last complaint, she alleges the allegations of her original complaint were true and offers to prove them, and in addition offers to perform any condition which the court may see proper to impose to permit her to redeem from said tax sale. She alleged she was still a married woman and had been ever since the decree was rendered. There was a prayer that the decree be set aside and that she be permitted to prosecute said origi-

nal suit and for all proper relief. Subsequently, an amendment to this complaint was filed, in which it was further alleged that no cross complaint had been filed, and that if filed, it did not state facts sufficient to constitute a cross complaint, upon which a default decree could be rendered, because there was no allegation of the payment of taxes by defendants under color of title, and that as the plaintiff, Clara F. Brinkley, was a married woman, neither payment of the taxes nor adverse possession would be a defense to her right to recover the lands.

C. W. Riggs entered a disclaimer, but the Wales-Riggs Plantations answered and denied that appellee had been prevented from asserting her rights by reason of unavoidable casualty or misfortune; denied that she had any interest in the land in controversy, and specifically denied all the material allegations of the complaint and the amendments thereto. It affirmatively alleged that C. W. Riggs had purchased the land at a tax sale and in 1899 had conveyed it to the Wales-Riggs Plantations, thus giving that corporation color of title to the land, which was wild and unenclosed, and had paid the taxes under this color of title continuously since, and for more than seven years before the institution of the original suit. The answer pleaded the seven-year statute of limitations and also that appellant had been guilty of negligence and laches in the prosecution of her original suit.

Counsel for both sides devote much time and give evidence of much research in the discussion of the character of the trust under which Snowden acted. Appellant insists that Snowden was merely a naked trustee with no duties to perform and that therefore he took nothing under the partition deed, though named as trustee, but the entire legal, as well as equitable, title at once vested in appellant. Appellee contends that the rule barring *cestui que trustent,* when the trustee is barred, applies when the trust is passive, because of its being executed by the statute of uses, and that while the courts

will declare the trust estate executed when the same is passive, yet so long as the courts are not asked to declare a trust executed for such purposes as the right of the holder of the legal title to bring suit, for instance, the trust is not deemed to be executed whether the trust is active or passive.   Appellee insists that the trust was an active and not a passive one.   The chancellor probably made a finding adverse to appellant on this question when he confirmed appellee's title on its cross bill, but this we do not know.   However that may be, under our view of the case, we deem it unnecessary to decide those questions for the reasons hereafter stated, and the facts out of which those questions arise are recited to some extent, because they bear upon the question which controls the decision of this case.   There is no very serious conflict in the evidence and the facts are substantially as follows:   Robert C. Brinkley was a man of large wealth and had extensive holdings in this State, and upon the partition of his lands, R. B. Snowden was named in the partition deed as trustee for Clara F. Brinkley.   The objects of the trust and the powers of the trustee are not recited.   From then on neither appellant nor her trustee appear to have given much attention to these lands, evidently regarding them as of but little value, as they were the source of no income.   Appellant paid no taxes on these lands and had no knowledge as to whether the taxes were being paid or not, and as a matter of fact, since 1894, neither she nor her trustee had paid any taxes.   Appellant owned some income-producing property in Memphis which was controlled by her said trustee, and at regular intervals he rendered her statements of his accounts.   Appellant testified that she knew Snowden had employed Hare to sue for these lands and that she expected them to attend to the litigation, and that one or the other of them would give her any notification she should have of the progress of the litigation.   But she also testified that Snowden had been an invalid for a year before his death, and during the last six or eight months of his life spent his

time away from home in search of health. Yet, not-withstanding her knowledge of these facts, she made no attempt to communicate in any way with Hare, who, she knew, had charge of her litigation and was unaware of his death until a short time before filing this last com-plaint. Yet in her original complaint she alleged "that her trustee, R. B. Snowden, has failed to look after her interests as he should and suffered her rights to become jeopardized somewhat, and caused much of said prop-erty to become a loss to plaintiff."

Under the facts stated is appellant entitled under section 4431 of Kirby's Digest to have the decree against her set aside? This is the section under which this suit was brought, and its provisions are as follows:

Section 4431. The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order.

First. By granting a new trial for the cause, and in the manner prescribed in section 6220.

Second. By a new trial granted in proceedings against defendants constructively summoned.

Third. For misprision of the clerk.

Fourth. For fraud practiced by the successful party in obtaining the judgment or order.

Fifth. For erroneous proceedings against an in-fant, married woman or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

Sixth. For the death of one of the parties before the judgment in the action.

Seventh. For unavoidable casualty or misfortune preventing the party from appearing or defending.

Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 6248.

The fifth subdivision of this section avails appellant nothing even though the proceeding against her was erroneous for the reason that her condition as a mar-

ried woman appears from the record. But appellant does earnestly insist that the facts stated bring her within the provisions of the seventh subdivision. But we do not think so. Her entire conduct with reference to the land is that of indifference both before and after the institution of the suit and when she filed her original suit she made no tender or offer to pay any of the taxes for which the land had sold or those subsequently paid by appellee.

With the knowledge of the infirmity and inactivity of her trustee, and finally of his death on October 7, 1909, she made no arrangements for prosecuting the litigation, but allowed her complaint to be dismissed for want of prosecution and a decree to be rendered by default on the cross complaint at the September, 1910, term of the court, and then waited until the second term of the court thereafter to ask the vacation of these proceedings.

We are of opinion that the chancellor did not err in refusing to vacate the original decree "for unavoidable casualty or misfortune, preventing the party from appearing or defending," and the decree appealed from is accordingly affirmed.