## PURCELL *v.* GANN.

## Opinion delivered June 8, 1914.

1. DEEDS—LANDS SUBJECT TO MORTGAGE—EQUITY OF REDEMPTION.—A deed to land, made after the execution of a mortgage covering the same conveys only the grantor's equity of redemption. (Page 337.)

2. MORTGAGES—FORECLOSURE—NECESSARY PARTIES.—Where the grantee of lands subject to a mortgage was not made a party to the suit foreclosing the mortgage, he has the right to redeem from the mortgage sale. (Page 337.)

3. INFANTS—INTEREST IN LANDS—RIGHT UNDER DECREE.—Where a decree divests a minor of an interest in lands, under Kirby's Digest, § 6248, he has a right to show cause against the decree within twelve months after arriving at full age. (Page 338.)

4. JUDICIAL SALES—ASSIGNMENT BY PURCHASER—TITLE.—A bidder, to whom property has been struck off at a judicial sale, may assign his bid before the deed has been delivered, and the deed will be made directely to the assignee and pass title to him. (Page 338.)

5. JUDICIAL SALES—CONFIRMATION—CONTINUING JURISDICTION.—A sale made under a decree of the chancery court is not completed until confirmed by the court and a deed to the purchaser confers upon him no right of ownership. (Page 338.)

6. JUDICIAL SALES—PURCHASER AND ASSIGNEE—PARTIES TO SUIT.—The purchaser under a foreclosure sale and his assignee became parties to the suit and are bound by the subsequent proceedings had in the cause. (Page 339.)

7. JUDICIAL SALES—ASSIGNMENT BY PURCHASER—RIGHTS OF PRIOR GRANTEE —EQUITY.—P., the owner of certain lands, mortgaged the same, thereafter deeding the lands to one R. The mortgage was foreclosed, and P. purchased the lands, but assigned his right to a portion thereof to one G., to whom a deed was made. *Held*, title under the sale passed to G., and that Kirby's Digest, § 734, which provides that a conveyance to one who has already attempted to grant away the estate conveyed, inures to the benefit of the grantee does not apply, as that statute will be reasonably construed, and will not be so construed so as to defeat the ends of justice. (Page 339.)

8. NAMES—SERVICE—MIDDLE INITIAL.—Where defendant's name in a civil suit is James R. Purcell, and service was had on him by the name of James Purcell, Jr., and where the record shows that they were the same person, the middle initial of the name is immaterial. (Page 340.)

9. INFANTS—SERVICE OF SUMMONS.—When defendant, a minor's name
   is James R. Purcell, and summons was issued directed against
   James Purcell, Jr., and a copy served on his father and a copy
   left with the father for the defendant, there has been a substan-
   tial compliance with the statute in regard to the service of sum-
   mons upon infants under the age of fourteen years.  (Page 340.)

10. JUDICIAL SALES—CONFIRMATION—WHEN COMPLETE.—At a judicial sale
    the court is the seller, and the whole matter remains under its
    control until the sale is completed, and until the delivery of the
    deed and its approval by the court.  When this is done, it relates
    back to the time of sale and carries the legal title from the deliv-
    ery of the deed.  (Page 341.)

11. JUDICIAL SALES—PURCHASE AND ASSIGNMENT—TITLE.—When the pur-
    chaser at a judicial sale assigns his interest to another, and the
    latter paid the purchaser money and a deed was executed to him,
    the original purchaser does not obtain any title to the land, legal
    or equitable, within the meaning of Kirby's Digest, § 734.
    (Page 342.)

Appeal from Saline Chancery Court; *Jethro P. Henderson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This proceeding was instituted by James R. Purcell within twelve months after attaining full age, to set aside a decree and to exercise his right to show cause against it in the cause of J. F. Shoemaker and D. Gann against James Purcell, Jr.  The facts are as follows:

On the 5th day of February, 1891, James Purcell executed, in favor of McCarthy & Joyce, two mortgages. One of the mortgages was on certain lands in Saline County, Arkansas, and was given to secure a promissory note for the sum of $525 and also $5,000, more or less, to be furnished said mortgagor at his option. The other mortgage was on personal property, and was given to secure the sum of $525, and all other indebtedness which might be due the mortgagees on or before January 2, 1894, the date on which the promissory note for $525 was due.  McCarthy & Joyce assigned both of said mortgages to the Bank of Commerce. On the 11th day of June, 1896, after the mortgages had become due, the bank instituted an action in the chancery court against James

Purcell for the purpose of foreclosing said mortgages. On the 15th day of February, 1897, a decree of foreclosure was entered by the chancellor, and in it, it was determined that James Purcell owed the bank the sum of $845, together with accrued interest. The decree declared that the amount found due was a lien on the land embraced in the mortgage, and a commissioner was appointed to sell the mortgaged premises in satisfaction of the debt. The commissioner's report of sale showed that on the 27th day of March, 1897, he sold a part of the personal property embraced in the mortgage for $22, and that he sold all the personal property that had been placed in his possession; that at the same time he sold all the lands mentioned in the real estate mortgage to James Purcell for $600; that James Purcell executed in his favor a note, with sureties for the purchase money. On July 2, 1897, the report of the commissioner was approved by the chancery court, and a deed was ordered made to James Purcell when the purchase money was paid. On October 28, 1897, James Purcell, for the consideration of $200, assigned to Dewell Gann certain of the lands so purchased by him, and directed the commissioner to make a deed to Gann for the same. The commissioner executed the deed to Gann on the 26th day of November, 1897, and the same was approved in open court. On the 28th day of October, 1897, Purcell also made an assignment of certain of the land so purchased by him to John F. Shoemaker for the consideration of $200, and the commissioner made a deed to him for the land embraced in the assignment, and this deed was likewise approved by the court. In 1893 James Purcell deeded the land which he had previously mortgaged to McCarthy & Joyce to his infant son, James R. Purcell, who was at the time about two and a half or three years of age. On April 21, 1899, Gann and Shoemaker filed a petition in the chancery court, alleging the mortgage foreclosure, the sale of the lands thereunder, the purchase of the same by James Purcell, the deed from him to his infant son, the respective assignments by James Purcell to them of his certifi-

cates of purchase at the sale under the mortgage fore-
closure, and that they had paid off the judgment which
had been declared a lien on said lands. The prayer of
the complaint was that James Purcell, Jr., be made a
party to the suit; that a guardian *ad litem* be appointed
to defend for said minor, and that upon a final hearing
of the cause his right of redemption be forever barred
and that the title to the lands be confirmed in the peti-
tioners. A summons was duly issued, and the return on
the same by the sheriff is as follows:

"I have this 21st day of April, 1899, duly served the
within by delivering a copy of the within to James Pur-
cell, Sr., and also giving a copy to James Purcell Sr.,
for James Purcell, Jr., who is a member of his family
over the age of fifteen years, and his father, and at his
usual place of abode."

An order was duly entered of record appointing a
guardian *ad litem* to defend for the minor defendant,
James Purcell, Jr. An answer was filed by the guardian
which conformed to the statutory requirements.

Evidence was introduced by the petitioners tending
to show that Purcell had transferred to them the certifi-
cates of purchase to the lands in controversy, and that
they had paid the judgment which had been declared a
lien on said land in the suit to foreclose the mortgage on
same; that this had been done and the assignment made
to them at the request of James Purcell, Sr., in order that
he might have certain other lands for his minor son.

The chancellor entered a decree in favor of the peti-
tioners. In it he found that subsequent to the execution
of the mortgage by James Purcell, Sr., to McCarthy &
Joyce, he had conveyed the land by deed to his infant son,
James Purcell, Jr. That at the foreclosure sale James
Purcell, Sr., became a purchaser of the land and trans-
ferred his certificate of purchase to certain of the lands
embraced in the mortgage to the petitioners in considera-
tion that they should pay off the judgment which had
been declared to be a lien on the land; that this was done
for the purpose of saving other of the lands which had

been deeded by the father to his minor son, and that the consideration in said assignment was fair and reasonable. The decree further provided the time in which the minor defendant might redeem the land, and, in default of his so doing, confirmed the title thereto in the petitioners. Shoemaker and Gann.

The chancellor entered a decree dismissing James R. Purcell's petition for want of equity, and he has appealed to this court.

*J. S. Abercrombie,* for appellant.

1. Appellant was the owner of the land. When a sale of land is made under a decree and duly confirmed, a binding contract of sale is entered into and the relation of vendor and vendee is constituted. 97 Ark. 397; 84 *Id.* 160; 48 *Id.* 160; Pom. on Eq. 368. Upon confirmation of the sale the equitable title vested in the purchaser. Kirby's Dig., § 734; 47 Ark. 111; 76 *Id.* 527; 95 *Id.* 253; 84 *Id.* 532.

2. Under the above authorities the title inured to the benefit of appellant, and appellee had notice of his title. 84 Ark. 160; 76 *Id.* 527; 84 Ark. 1.

3. Appellant had three years to make defense to the petition. Kirby's Dig., § 657; 80 Ark. 411.

4. Appellant had the right to vacate the judgment. Kirby's Dig., § 6248, eighth div. of § 4431 and § 4433; 70 Ark. 415; 79 *Id.* 194; 103 *Id.* 67; 50 N. E. 221; 186 Ill. 510; 138 Cal. 651; 49 Ark. 397; 90 *Id.* 47; 84 *Id.* 1.

5. The decree of May 25, 1899, was unjust, even if appellant's right was only that of redemption. 84 Ark. 521. The original foreclosure could not be reopened except for the specified causes in Kirby's Dig., § 4431; 60 Ark. 155; 53 *Id.* 110; 33 *Id.* 154; 52 *Id.* 110.

6. Appellant's rights were not adjudicated—he had no notice. 23 Cyc. 913, 1089; 63 Ark. 323.

*W. R. Donham,* for appellee.

1. A decree of foreclosure is not void for failure to make a subsequent purchaser from the mortgagor a party, as his only right is an equity of redemption. 77

Ark. 379; 74 *Id.* 138; 64 *Id.* 576. Purcell, Jr., had only the right to redeem. A judgment is a bar to all defenses. 76 Ark. 423; 94 *Id.* 329; 74 *Id.* 320; 94 *Id.* 347; 50 *Id.* 527.

2. The recital in the record is that defendant was regularly served with process. Kirby's Dig., § 4425; 25 Ark. 60; 72 *Id.* 266; 100 *Id.* 63.

3. One must show not only that he was not summoned, but he had no notice in time to defend. 72 Ark. 266; 100 *Id.* 63; 50 *Id.* 462; 79 *Id.* 19; 97 *Id.* 76.

4. Purcell's right to file this suit is settled by Kirby's Digest, § 6248, provided he can show any errors in the judgment. This he has not done. 49 Ark. 397; 90 *Id.* 47; Kirby's Dig., §§ 4433, 4434. A meritorious defense must be shown. 84 Ark. 532; 50 *Id.* 458; 90 *Id.* 49; 103 *Id.* 69; 70 *Id.* 415; 70 *Id.* 418; 79 *Id.* 194; 103 *Id.* 69; 55 Ark. 22; 22 Cyc. 700.

5. In order to redeem a tender of the debt must be made in good faith. 84 Ark. 527; 71 *Id.* 484; 40 L. R. A. (N. S.) 839.

6. There is no error in the decree.

HART, J., (after stating the facts). The deed from James Purcell to his infant son, James R. Purcell, recited that it was executed in consideration of love and affection. It was made after the execution of the mortgage on the land by James Purcell to McCarthy & Joyce. Therefore, the deed conveyed only the equity of redemption of James Purcell. James R. Purcell was not made a party to the proceedings to foreclose the mortgage on the land, and, having been omitted from the foreclosure suit, he still had the right to redeem from the foreclosure sale. *Dickinson* v. *Duckworth,* 74 Ark. 138. The decree in the case of Shoemaker & Gann against James R. Purcell, which was instituted in 1899, provided that the latter should have a designated length of time within which to redeem from the foreclosure sale and that if he failed to do so the title to said land should be vested in Shoemaker & Gann. James R. Purcell failed to exercise his right to redeem. The condition of James R. Purcell as

an infant appeared in the record in that action. The decree in the case divested him of an interest in lands, and he therefore had a right to show cause against the decree within twelve months after arriving at full age, as prescribed in section 6248 of Kirby's Digest. *Paragould Trust Co.* v. *Perrin,* 103 Ark. 67. Section 734 of Kirby's Digest provides that when one conveys land by deed purporting to convey a fee simple estate and does not own the land at the time, but afterward acquires the title, such after-acquired title, whether legal or equitable, passes at once to his grantor. Under this section, counsel for James R. Purcell contends that when James Purcell bid off the land at the mortgage foreclosure sale he acquired the title thereto by such purchase and that it was an after-acquired title which inured to the benefit of James R. Purcell. It will be remembered that James Purcell became the purchaser of all the lands embraced in the mortgage at the foreclosure sale, and, not being able to pay the amount of the mortgage debt, in order to save a part of the lands for his infant son, James R. Purcell, he assigned his certificate of purchase to a part of the lands to Gann & Shoemaker in consideration that they pay off the amount of the mortgage debt. This they did, and a deed was made to them, and was approved by the court. A bidder to whom property has been struck off at a judicial sale may assign his bid before the deed has been delivered, and the deed will be made directly to the assignee and pass the title to him. 24 Cyc. 31; Wiltsie on Mortgage Foreclosure Sales (3 ed.), vol. 1, § 678. In the case of *Wells et al.* v. *Rice et al.,* 34 Ark. 346, the court said that a sale made under a decree of the chancery court is not completed until confirmed by the court and a deed to the purchaser confers upon him no right to the property. Continuing, the court said:

" 'The theory of sales of this character is,' as the court says in *Sessions* v. *Peay,* 23 Ark. 41, 'that the court is itself the vendor, and the commissioner, or master, its mere agent in executing its will. The whole proceeding, from its incipient stage up to the final ratification of the

reported sale, and the passing of the title to the vendee, and the money to the person entitled to it, is under the supervision of the court. The court will confirm or reject the reported sale, or suspend its completion as the law and justice of the case may require.' "

The purchaser under the foreclosure sale and his assignees became parties to the suit and are bound by the subsequent proceedings had in the cause. As said in the case of *Proctor* v. *Farnam,* 5 Paige, Chan. Rep. (N. Y), 614, "It is a familiar principle that any one who interferes *pendente lite* with the subject-matter of a suit in equity submits himself to the jurisdiction of the court to be exercised by petition or motion in the original suit, and that he acquires no rights in that manner which may not be modified, controlled or directed without any new proceeding directly against him, and this doctrine applies with full force to the case of a purchaser under the decree and to all who claim interest under him." Therefore, we do not think that James Purcell acquired any title, either legal or equitable, under his purchase at the foreclosure sale, but we are of the opinion that the title under such sale passed to his assignees when they paid the purchase price under orders of the court and a deed was executed to them and approved by the court. James Purcell assigned his certificate of purchase to a part of the lands to them and had the deed executed to them for the purpose of saving a part of the lands embraced in the mortgage for his infant son, James R. Purcell. Under these circumstances, every principle of equity favors the claim of Shoemaker & Gann, and if they are to be defeated at all it is simply because of section 734 of Kirby's Digest, which provides that a conveyance to one who has already attempted to grant away the estate conveyed inures to the benefit of his grantee. The statute must be reasonably construed so as to effectuate its purpose, but it should not be construed to defeat the ends of justice.

Again, it is contended by counsel for James R. Purcell that the decree in the case of Shoemaker & Gann against James Purcell, Jr., should be reversed because

James R. Purcell was not made a party to that suit and no service was had upon him. The record shows that James R. Purcell and James Purcell, Jr., are the same persons; and this court has held that under such circumstances the middle initial of a name is immaterial. *Fincher* v. *Hanegan,* 59 Ark. 151. It is true James Purcell, Jr., was named as the defendant in the action; and it was alleged that he was a minor under the age of fourteen years. The summons was issued directed against James Purcell, Jr., but it was served by delivering a copy to James Purcell, the father of James R. Purcell, and also by leaving another copy with James Purcell for James R. Purcell, his infant son, the latter not being at the time at home. This was a substantial, if not a literal, compliance with the statute in regard to the service of summons upon infants under the age of fourteen years. *Huggins* v. *Dobbs,* 57 Ark. 628.

Upon the whole record we find no error, and the decree will be affirmed.

### ON REHEARING.

HART, J. Counsel for appellant insists that he should have a rehearing on the authority of the case of *Green* v. *Maddox,* 97 Ark. 397. In that case Henry Maddox became the purchaser of the land at a commissioner's sale, under a chancery decree, in November, 1888. He executed his notes for the purchase money and the sale was reported by the commissioner to the chancery court and was confirmed by the court at its March term, 1889. Henry Maddox went into possession of the land and commenced the erection of a house upon it. Prior to the maturity of the notes which he had executed to the commissioner for the purchase money of the land, Henry Maddox died, leaving surviving as his heirs at law the plaintiff, Hayden Maddox, and his elder brother, named Donald. At the February term, 1890, of the chancery court J. D. Maddox presented to the court a petition alleging that he was the uncle and guardian of the minor heirs of Henry Maddox, deceased, and that there were no funds of said decedent's estate out of which to pay

the purchase money of said land sold to Henry Maddox, and that he had paid the same out of his own funds. He asked an order of the court directing the commissioner, for that reason, to execute a deed to him for the land, which was accordingly done. Upon appeal to this court it was held that when J. D. Maddox paid the purchase money to the commissioner after the sale of the land was made by him to Henry Maddox, and the sale was confirmed, he became a constructive trustee for the heirs of Henry Maddox, to whom his rights descended. Here the facts are essentially different. It is true that James Purcell on March 27, 1897, was the accepted bidder at the commissioner's sale and that the sale was confirmed on July 2, 1897.

Section 6323, Kirby's Digest, provides that a conveyance by a commissioner shall not pass any right until it has been examined and approved by the court, which approval shall be endorsed on the conveyance and recorded with it. Here, as in the case of *Green* v. *Maddox, supra,* the confirmation was made, in the first place, of the sale and afterward of the deed, but in the case of *Green* v. *Maddox* it will be noted that the purchaser died before any one was substituted in his stead as purchaser. It is a recognized practice to allow another person to be substituted for the purchaser and to take the deed directly to himself. Jones on Mortgages (6 ed.), vol. 2, § 1652. In such cases the court is the seller and the whole matter remains under its control until the sale is completed and until the delivery of the deed and its approval by the court. When this is done it relates back to the time of the sale and carries the legal title from the delivery of the deed.

In the present case Gann & Shoemaker were substituted as purchasers in the place of James Purcell by the latter's consent and direction. In this respect the present case is essentially different from the case of *Green* v. *Maddox, supra.* James Purcell, by becoming the purchaser, and Shoemaker & Gann having agreed to be substituted as purchasers in his stead, by his con-

sent and direction, all became parties to the foreclosure proceeding insofar as their rights were concerned. James Purcell having agreed that Shoemaker & Gann should be substituted as purchasers in his stead and that under said agreement, they having paid the purchase money and the deed having been executed to them and approved by the court, they became the purchasers of the land in the foreclosure sale and Purcell did not obtain any title, legal or equitable, within the meaning of section 734, Kirby's Digest. Neither can it be said that James Purcell, being the mortgagor, and thus bound to pay the mortgage debt, that when he bid in the land at the foreclosure sale and the sale was confirmed, this amounted to a satisfaction and discharge of the mortgage. The reason for this is that he asked that Shoemaker & Gann be substituted in his stead as purchasers, and it was their money that bought the property and paid for it. They were properly substituted as purchasers in his stead and the result is precisely the same as if they had personally bid in the property at the commissioner's sale. *Bensieck* v. *Cook* (Sup. Ct. of Mo.), 19 S. W. 642.

Motion for rehearing will be denied.