## BUNCH v. CROWE.

### Opinion delivered May 6, 1918.

1. MORTGAGES—DESCRIPTION.—The description in a mortgage, as follows, *held* too vague and indefinite to identify the land sought to be described: "Residue of the west half of the southwest quarter of section 4, township 2 north, range 2 east, containing seventy-eight acres, more or less (res. west half southwest quarter, section 2 north, 2 east, seventy-eight acres)."

2.  MORTGAGES—PURCHASER FOR VALUE—NOTICE—BURDEN OF PROOF.—
    Where A. purchased property, subject to a mortgage, for value,
    the burden is upon the holder of the mortgage to show that A.
    had notice thereof, the mortgage containing a description which
    was indefinite.

3.  MORTGAGES—RECORD—VOID DESCRIPTION—NOTICE.—The recording
    of a mortgage containing a void description does not constitute
    constructive notice to a subsequent purchaser for value.

4.  HUSBAND AND WIFE—TRANSACTIONS BETWEEN—RIGHTS OF CREDIT-
    ORS.—Transactions between a husband and wife, affecting the
    rights of creditors, especially where the husband is insolvent, are
    to be scrutinized with care in passing upon the question of good
    faith, and the burden is upon the wife to show her good faith.

Appeal from Lee Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*H. F. Roleson* and *C. W. Norton,* for appellants.

1.   The mortgage was not void for uncertainty.   It was sufficiently definite to describe the land and was given in good faith.   Any latent ambiguity was explained by parol testimony.   40 Ark. 237-240; 106 *Id.* 85.   It was constructive notice to all subsequent purchasers.

2.   Appellee relies on the same description.   He is not an innocent purchaser.   The note and mortgage were purchased by Mrs. Bunch in good faith and for value and was sufficiently definite.

*Daggett & Daggett,* for appellee.

1.   The trust deed was properly canceled.   The note was paid, and Crowe was an innocent purchaser without notice.   The deed was void as vague, indefinite and uncertain in description.   84 Ark. 1; 95 *Id.* 582; 103 *Id.* 425; 99 *Id.* 154; 43 *Id.* 350; 131 Ark. 335.

2.   No fraud, accident or mistake was alleged, nor was there any prayer for reformation.   123 Ark. 451. The ambiguity was patent.   106 Ark. 83; 119 *Id.* 301.

McCULLOCH, C. J.   The subject-matter of the present controversy is a tract of land in Lee County, described as the west half of the southwest quarter of section 4, in township 2 north, range 2 east, except two acres in the southwest corner thereof owned and occupied by a certain school district.   The parties to the controversy claim title to the land from a common source, towit: Henry Bunch, a former owner.   Appellant Addie K.

Bunch is the wife of Henry Bunch, and asserts a lien on the land under a mortgage executed by her husband, in which the land is described in the following language, towit:

"Residue of the west half of the southwest quarter of section 4, township 2 north, range 2 east, containing seventy-eight acres, more or less (res. west half southwest quarter, section 4, 2 north, 2 east, seventy-eight acres)."

The mortgage was executed by Henry Bunch to W. B. Bunch as guardian of certain children to secure a loan of money in the sum of $600, as evidenced by a negotiable promissory note. Mrs. Bunch, the appellant, joined her husband in the conveyance. She claims that before the maturity of the note she purchased it from W. B. Bunch, guardian, and that the latter assigned the note to her. Henry Bunch was subsequently adjudged bankrupt in the District Court of the United States for the Eastern Division of the Eastern District of Arkansas at Helena, and appellee Crowe claimed title under a sale and conveyance made by the trustee of the bankrupt's estate. The trustee in bankruptcy sold and conveyed the land by proper description to the Peoples Savings Bank & Trust Company, a banking corporation doing business at Marianna, and said banking corporation sold and conveyed the land to appellee. There was an effort to foreclose the mortgage or deed of trust under which Mrs. Bunch asserts a lien, the land having been advertised for sale by the trustee under a correct description, and appellee instituted this action in the chancery court of Lee County to prevent the sale of the land, alleging that the sale of the land under a proper description would constitute a cloud on appellee's title.

(1) The language in the mortgage describing the land was too vague and indefinite to identify the land, and the mortgage was for that reason void. *Hornor* v. *Jarrett*, 99 Ark. 154; *Scott* v. *Dunkel Box & Lumber Co.*, 106 Ark. 83.

The evidence was sufficient to justify a court of equity in decreeing a reformation of the deed so as to describe the land correctly, as against the mortgagor and subsequent purchasers with notice. The chancellor before whom the case was tried did not make any special findings of fact, but merely made a general finding in favor of appellee. There were two issues of fact in the case, and if there is evidence sufficient to support the finding of the chancellor on either of these issues, we should indulge the presumption that the decree was based on that finding. We are of the opinion that the finding of the chancellor on either of the issues was not against the preponderance of the evidence.

(2-3) One of the issues in the case was whether or not appellee was an innocent purchaser, and the evidence shows that he had no actual notice of the existence of the mortgage under which Mrs. Bunch asserts a lien. Appellee testified that he had no information on that subject, and the testimony of other witnesses tends to support him in that contention. There is no direct evidence that he had information sufficient to put him upon notice as to the existence of the mortgage. It being established by undisputed evidence that appellee was a purchaser for value, the burden was on appellants to show that appellee purchased with notice of the existence of the mortgage. *Osceola Land Co.* v. *Chicago Mill & Lumber Co.,* 84 Ark. 1. The recording of the mortgage containing the void description did not constitute constructive notice to subsequent purchasers for value. *Adams* v. *Edgerton,* 48 Ark. 419; *Neas* v. *Whitener-London Realty Co.,* 119 Ark. 301; *Evans* v. *Russ,* 131 Ark. 335, 198 S. W. 518.

The other issue of fact in the case was whether there was a payment of the note secured by the mortgage, or whether it was purchased by Mrs. Bunch from the payee, W. B. Bunch, guardian. Mrs. Bunch testified that she purchased the note from W. B. Bunch and paid him the interest on the note amounting to about $48, and that she paid the principal by paying the sum of $600 to the firm of Lewis & Bunch, of which her husband was a mem-

ber, and to whom the guardian owed that sum of money for supplies furnished to his wards. The note was introduced in evidence showing an assignment by the payee to Mrs. Bunch, and W. B. Bunch, the payee, also testified that he sold and assigned the note to Mrs. Bunch. Mrs. Bunch also testified that in paying for the note she used actual cash which she had in her possession at her home, ten miles in the country out from Marianna.

(4) Considering the relations between the parties, that is to say between Mrs. Bunch and her husband, the maker of the note, and the peculiar way in which the money was paid in the purchase of the note, and the condition of the accounts of the firm of Lewis & Bunch against the wards of W. B. Bunch, we can not say that the chancellor was not justified in refusing to accept as true the contention of appellant that she had purchased the note and paid for the same. Transactions between husband and wife, affecting rights of creditors, especially where the husband is insolvent at the time of the occurrence, are to be scrutinized with care in passing upon the question of good faith, and the burden is upon the wife to prove that she purchased the note and paid the account of the wards of the payee out of her own funds, and that the transfer of the note was not a cloak to conceal the payment thereof, and to apparently preserve the lien for the purpose of defrauding creditors of her husband.

The decree is, therefore, affirmed.