HARRELL *v.* SCHNEIDER.

4-4592

Opinion delivered April 12, 1937.

*Giles Dearing,* for appellants.

*Ogan, Shaver & Ogan,* for appellees.

GRIFFIN SMITH, C. J. Final decree foreclosing appellants' interests in 34⅜ acres of land was rendered October 26, 1934, and on March 20, 1935, the sale and commissioner's deed to Henry J. Schneider as purchaser were approved. No defense was interposed.

In June, 1935, appellees filed a petition referred to as a bill of review which in effect was a proceeding to correct errors of description in the deed of trust, which were carried forward into the decree and commissioner's deed. It is alleged that a proper description would be had by projecting a line 65 poles and eight feet west; thence south 84 poles; thence east 65 poles and eight feet; thence north to the point of beginning. The erroneous description, after reciting a measurement of 65 poles and eight feet west, returns the line east 65 poles and eight feet; thence north to the point of beginning. There was this further description: "And being the southeast part of the northeast quarter of section nineteen, in township seven north, range three east, containing 34⅜ acres of land, more or less, situated in Cross county, Arkansas."

Appellants testified that in 1918 their father, J. P. Harrell, asked them to sign a note and deed of trust. The elder Harrell had borrowed $1,000 from appellee, with the land as security. The indebtedness was subsequently reduced to $500. In 1931, J. P. Harrell died. The appellants who testified stated that in signing the deed of trust they thought it covered property owned by their father, and did not know that their own land was being pledged.

Appellants contend (1) that the deed of trust is absolutely void; (2) that the debt is barred by the statute of limitation; (3) that there was no service on defendants in the lower court; (4) that the chancellor's findings are not supported by the evidence, and (5) that the evidence does not meet requirements necessary to warrant reformation.

■ To sustain the contention that the mortgage is void on account of the indefinite description, appellants rely upon *Bunch.*v. *Crowe*, 134 Ark. 241, 203 S. W. 584. · In that case the description was: "Residue of the west half of the southwest quarter of section 4, township 2 north, range 2 east, containing 78 acres, more or less." The opinion contains this language, which appellants have apparently disregarded: "The evidence was sufficient to justify a court of equity in decreeing a reformation of the deed so as to describe the land correctly, as against the mortgagor and subsequent purchasers with notice." None of the other cases cited by appellants, when applied to the facts in issue here, is authority for holding the mortgage void.

■ All rights of appellants were foreclosed in the decree of 1934, and the plea of limitation cannot now be interposed.

■ The decree contains a recitation of service and entry of appearance, and a presumption of verity attaches. The burden rests upon appellants to prove they were not served, and neither, as a witness, denied service.

■ S. W. Ogan and J. L. Shaver, attorneys for appellees, testified to conversations had with Roy Harrell while efforts were being made to avoid harsh methods in dealing with the obligation. Mr. Ogan's deposition in part reads as follows: "While we were attempting to work out some means of closing this sale back to Mr. Roy Harrell it was discovered that there was a mistake in the description of the land in the decree and in the deed of trust. I informed Mr. Harrell of this mistake, and almost immediately he broke off negotiations to purchase the lands and employed an attorney to resist the present proceedings. At no time was there any objection to the foreclosure. He admitted he owed the debt, and his present defense was never mentioned. Mr. Harrell's first wife, who was made a party at his request, had remarried, and he furnished me her address in order that I might get her entry of appearance. I went to see her and discussed the matter with her. She stated that

they had borrowed the money and it should be repaid, and signed her entry of appearance."

The evidence fully justified the chancellor in finding that it was the original intent of appellants to assist their father by executing the note and deed of trust, and that the property as described in the order of reformation was the property contemplated by the parties at the time the papers were executed. In these circumstances it was not error to correct the description, and this was properly done in the decree filed June 24, 1936.

Affirmed.