BAKER v. BOYD.

4-5060 and 4-5068

Opinion delivered May 30, 1938.

*C. M. Martin, Joe Norbury, Tom W. Campbell, Walter L. Pope, Boone T. Coulter* and *Kenneth W. Coulter,* for appellants.

*Ezra Garner* and *McKay & McKay,* for appellees.

SMITH, J. Wade Baker executed a mortgage to W. A. Boyd to secure his note to Boyd and all other indebtedness which might be due Boyd at the time of the foreclosure of the mortgage. A decree ordering the foreclosure of this mortgage was rendered August 4, 1933. The mortgagor was dead when this foreclosure suit was

filed, and his widow and heirs were made parties to the proceeding. Among these heirs were Caroline Roberts and Vessie Grimes, the daughters of deceased children of Wade Baker, the mortgagor.

The mortgage covered all of one forty-acre tract and portions of two others containing twenty-five acres each, these latter being described in the mortgage as "25 acres northeast quarter of southwest quarter, section 12, township 17, range 20. 25 acres northwest quarter of southwest quarter, section 12, township 17, range 20." These two twenty-five acre tracts were so described in the decree of foreclosure, in the notice of the sale thereof, in the commissioner's report of sale, and in the deed of the commissioner to Boyd, who was the purchaser at the commissioner's sale.

Because of the defective description of the two twenty-five acre tracts a second suit was brought, in which the foreclosure of the mortgage, under proper descriptions, was prayed; but an amended and substituted complaint was filed, in which it was prayed that the former foreclosure decree and the proceedings thereunder be reformed by correcting the description of the land, it being alleged that it was the mortgagor's intention to convey the land correctly described in the second and in the amended complaints.

The same persons were made defendants in the second suit as were made defendants in the first except that Abb Baker, one of the sons of the mortgagor made defendant in the first suit, had died and the minor heirs of this son were sued, proper defense being made for them by their guardian *ad litem*.

The relief prayed was resisted upon the grounds principally that no service of summons was had on Caroline Roberts, who at the time of the institution of the original suit was a minor under the age of 15 years, and because no guardian *ad litem* was appointed to represent the infant Vessie Grimes, who was alleged to have been under 16 years of age when the original decree was rendered.

Both of these objections to the reformation of the decree appear to be well taken. Unquestionably Caro-

line Roberts was a minor. She was sued as such, and a guardian *ad litem* was appointed to make defense for her. The return upon the summons shows that Caroline was served by delivering a copy of the summons to her and "by leaving a copy for said Caroline Roberts with her husband, Robert Roberts, a member of her family over 15 years of age at her usual place of abode in Columbia county." The person thus served was not Robert Roberts, but was Richard Roberts, who was not the husband, but was the father, of Caroline. However, the undisputed testimony is to the effect that Caroline did not then, and had not for some years prior lived with her father, but that since the death of her mother she had lived with her grandmother. Vessie Grimes was sued as an adult, and no defense was made for her as a minor. The principal question of fact in the case is whether she was a minor.

It appears that the summons was served January 2, 1933, and that Vessie had married March 14, 1932, and that her age had been stated as being 18 in the application to the county clerk for the marriage license. The clerk who identified the marriage record was not the clerk who issued the license, and he did not know whether Vessie was present when the application for the license was made or who made the statement to the clerk as to her age. The certificate was filled out by the county clerk then in office, and it does not appear how the clerk got his information. But it was shown by the record kept of the births and marriages of the Baker family that Vessie was born March 14, 1916. The testimony of the members of Vessie's family was of a positive and unequivocal nature that Vessie was born in 1916. The testimony of an aunt —Maudie Griffin—is very convincing of this fact. She detailed the opposition of the family to Vessie's marriage on account of her extreme youth.

We think—and find the fact to be—that Vessie was a minor when sued, and it was error, therefore, to render a decree against her until defense had been made for her as an infant. *Varner* v. *Rice,* 44 Ark. 236; *McCloy & Trotter* v. *Arnett,* 47 Ark. 445, 2 S. W. 71; *Pillow* v. *Sentelle,* 39 Ark. 61; *Pinchback* v. *Graves,* 42 Ark. 222.

It is insisted also that at the trial from which this appeal comes there was no showing that the land correctly described in the amended and substituted complaint was in fact the land which the mortgage from Baker to Boyd was intended to convey. This fact was alleged in the amended complaint, and it is insisted that the failure of the adult defendants to deny this allegation was in effect an admission of the allegation and dispensed with the necessity of making proof thereof. But, as has been stated, there were additional minors in this suit, and no one had authority to make that admission for them. The answer of the minors denied this allegation, as it should have done, and it was essential that proof thereof be made. *Ross* v. *Stroud,* 173 Ark. 66, 291 S. W. 996; *Wade* v. *Saffel,* 177 Ark. 1186, 9 S. W. 2d 803.

The decree here appealed from reformed the decree of foreclosure and the commissioner's deed executed pursuant thereto. *Harrell* v. *Schneider,* 193 Ark. 954, 103 S. W. 2d 935. But, for the reasons stated, we think this was error. The minor defendants had not been properly served with process in the original decree, and no defense was made as required by law for them, and at the trial from which this appeal comes proof was not properly made that the lands now properly described were in fact the lands originally mortgaged.

The answering defendants prayed only that they be allowed to redeem from the mortgage. It is answered that this relief should be denied for the reason that all the heirs were properly before the court, and that there was an accurate description of one forty-acre tract. But the minors were interested in all the lands, which appear to have been sold as a unit, and the defective description of two of these tracts contained in the unit makes the sale thereof void, for the reason that the two twenty-five acre tracts were foreclosed and sold under a description which is conceded to be void. In the case of *Norris* v. *Scroggins,* 175 Ark. 50, 297 S. W. 1022, a deed of trust had been foreclosed, under the power contained therein, by the trustee there named, who, in making the sale, did not pursue the power contained in the deed of trust. The

trustee's deed was attacked by the heirs of the deceased mortgagor who were minors at the time of the foreclosure sale. The purchaser at the trustee's sale pleaded his possession under the trustee's deed in bar of the suit; but this plea was overruled upon the ground that having entered into possession under a void deed his attitude was that of a mortgagee in possession and the statute of limitations did not, therefore, run in his favor. It was insisted that the widow and the adult children of the grantor in the deed of trust were estopped by their conduct from maintaining an action to redeem; but it was said that, even though these adults were estopped, that fact would be of no avail against the minor plaintiffs who prayed the right of redemption.

In holding that these minors had the right of redemption the court quoted from 3 Pomeroy's Equity Jurisprudence, § 1220, as follows: " 'Any person who holds a legal estate in the mortgaged premises, or in any part thereof, derived through, under, or in privity with the mortgagor, and any person holding either a legal or equitable lien on the premises, or any part thereof, under or in privity with the mortgagor's estate, may also in like manner redeem from the prior mortgage. No such redemption, however, is possible unless the mortgage debt is due and payable, nor unless the mortgage is wholly redeemed by payment of the entire amount of the mortgage debt. The debt being a unit, no party interested in the whole premises, or in any portion of them, can compel the mortgagee to accept a part of the debt, and to relieve the property *pro tanto* from the lien. Furthermore, if the person redeeming has only a partial interest in the premises, and there are other partial owners also interested in having the lien of the mortgage removed from their estates— such as co-owners, life tenants, reversioners, remaindermen, and the like—he cannot compel them, in the first instance, to advance their proportionate shares for the purpose of paying off the debt; he must himself redeem the whole mortgage, and his only equity against them consists in his right to enforce the mortgage upon their estates as a security for obtaining a subsequent contribution.' "

We conclude, therefore, that the right of redemption should be accorded the minors, if not to all others, as prayed. These minors must, of course, pay the entire indebtedness secured by the mortgage to effect a redemption, and the equities will be worked out in the manner stated in the above quotation from Pomeroy.

The decree will, therefore, be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.