PARKER *v.* DENDY.

4-6450                                   157 S. W. 2d 48

Opinion on rehearing delivered December 1, 1941.
(Original opinion delivered November 3, 1941.)

*Madrid B. Loftin* and *J. B. Milham,* for appellant.
*Ezra Garner* and *Surrey E. Gilliam,* for appellee.

GRIFFIN SMITH, C. J.  This appeal was submitted October 27.  The decree was reversed November 3.  The

Chief Justice at that time wrote a dissenting opinion, concurred in by Mr. Justice McHaney and Mr. Justice Holt. On petition for rehearing four members of the court think the former determination was erroneous. Mr. Justice Frank G. Smith, Mr. Justice Humphreys, and Mr. Justice Mehaffy adhere to the opinion of November 3, which they are handing down as expressive of their views.

## Opinion on Rehearing

Appellants (plaintiffs below) are the widow and collateral heirs of B. J. Hildreth. They sued Dendy and others to redeem from sale under foreclosure incident to a mortgage executed by B. J. Hildreth covering 95 acres. J. E. Eubanks was trustee for Dendy, the mortgagee. The latter purchased at the sale. Confirmation was had in October, 1934. In the decree of July, 1934, the interests of more than thirty defendants were foreclosed, some being minors. As to the infants who were made parties, guardians *ad litem* were appointed and proper defenses were made.

In the suit from which this appeal comes the only allegation necessary to consider is that at the time of foreclosure Thomas Hildreth was a minor. He is a grand nephew of the ancestor through whom the heirs claim, and was not of age when the suit at bar was brought. Admission of this minor's 1/64th interest in the land was made by appellee. It was also conceded that this minor was not made a party to the 1934 proceedings. In an amendment to Dendy's answer in the case at bar there was the statement that as mortgagee he was willing to apportion the security and to accept from Thomas that portion of the debt, interest, and cost, assessable against his estate. The plaintiffs then moved for a decree on their pleadings, insisting that the minor had a right to pay the entire debt and to redeem not only for himself, but for his co-plaintiffs as well.

The rule contended for, if sustained, would establish the precedent that *sui juris* defendants inheriting from a common source subject to debt, also infants similarly situated, and a widow who joined in her husband's mortgage or deed of trust, may stand by in respect of a decree

to which they are parties without a defense, and after years have lapsed may join with a minor of whose existence neither they nor the mortgagee was aware, and supply the unserved minor with financial means for redemption in a proceeding against which any innocent purchaser is helpless.

A rule so drastic would have the effect of making insecure property holdings acquired in the utmost good faith, and would render uncertain many titles based upon foreclosure and confirmation decrees. Nor can it be successfully contended that denial of appellants' demands may impair the inviolable nature of an infant's inheritance. As to such infant not served with summons, his equity remains undisturbed; and, when ascertained, all of the rights originally inhering to the estate stand as though no action had been taken by the mortgagee. The infant is a tenant in common with the purchaser, or with any claiming through such purchaser. If waste has been committed the infant has a right of action against the wasters limited only by the value of such unauthorized destruction, appropriation or impairment. If improvements have been made the infant shares in the increments; and he may, if the property is not susceptible of division in kind, require sale and an accounting.

In *Norris* v. *Scroggins,* 175 Ark. 50, 297 S. W. 1022, and cases relied upon by appellants, there is reference to Pomeroy's Equity Jurisprudence, third volume, § 1220, where the right of one having a legal or equitable estate in mortgaged property held in privity with the mortgagor is discussed. The rule there stated is predicated upon the proposition that where a debt secured by mortgage is a unit, a partially interested person cannot compel the mortgagee to receive less than the whole debt if effect of acceptance is to relieve the property, *pro tanto,* of the lien. The point to which Pomeroy addresses his discussion is not whether an infant asserting an interest not foreclosed may set aside an old decree which foreclosed other interests, and redeem the entire property over protests of the mortgagee-purchaser who elects to apportion, but whether, prior to foreclosure, one having a legal or equitable interest in privity with the mortgagor

has the right to pay the entire debt at a time when all the mortgagee can insist upon is payment of the obligation.

Appellants insist that the construction they give the Scroggins case was followed and applied in *Baker* v. *Boyd*, 196 Ark. 563, 119 S. W. 2d 524.

In the Scroggins case there were two trust deeds. It was held that action of the trustee in foreclosing under power was ineffectual because procedural methods designated by the parties in the trust deed were not followed. Therefore, said Mr. Justice Wood, who wrote the court's opinion, ". . . the sale and the trustee's deed *were void* unless the deed of trust conferred upon the trustee the power to make the sale as he did make it, which is not the case." 175 Ark. 50, 297 S. W. 1025.

Non-applicability of the Baker case to the appeal before us rests in the fact that in the second suit Baker insisted that void descriptions in the decree be corrected, and that action of the court in the first litigation be confirmed. Expressed differently, Baker, without agreeing that the minors might redeem, contended that ". . . this relief should be denied for the reason that all the heirs were properly before the court, and there was an accurate description of one 40-acre tract." The court said: "But the minors were interested in all the lands, which appear to have been sold as a unit, and the defective description of these two tracts contained in the unit makes the sale thereof void, for the reason that . . . two 25-acre tracts were foreclosed and sold under a description which is conceded to be void."

The Baker case, it will be seen, goes no further than to say that the mortgagee, prior to foreclosure, is only entitled to have his debt paid; and if a foreclosure, either under power or by resort to chancery, is void, the minor stands in the position he occupied before the sale. He may pay the entire debt and redeem for all because, in legal contemplation, there has been no sale.

In *Rowland* v. *Griffin*, 179 Ark. 421, 16 S. W. 2d 457, Mr. Justice Wood discussed the opinion he wrote in the Norris-Scroggins case, and said: ". . . although the widow and adult heirs of the maker of the deed of trust

may have estopped themselves by their conduct from maintaining the action, this did not affect the right of the plaintiffs, who were minors, to maintain the action to set aside the trustee's deed and to allow them to redeem the property for themselves and their co-tenants and to hold the defendants to an accounting as a mortgagee in possession." Here is an express recognition that in an appropriate case, *even where the foreclosure was void,* estoppel may defeat the former rights of those against whom the mortgagee had an original cause of action.

A headnote to the Rowland-Griffin case is: "A subsequent purchaser of an undivided one-eighth interest in minerals, who was not made a party to the proceedings for foreclosure of a pre-existing deed of trust on the premises, was not entitled to redeem the entire property from foreclosure sale and become subrogated to the rights of the purchaser at such sale, without first making an attempt to redeem his proportionate part of the premises, followed by a refusal of the purchaser at the foreclosure sale to apportion the debt so as to permit redemption of the subsequent purchaser's part." See *Railway Company* v. *James,* 54 Ark. 81, 15 S. W. 15.

In the case at bar there was an offer to permit the minor to pay his proportionate part of the debt, and to redeem his estate.

Cases are cited in 31 Corpus Juris, § 266, to the effect that "Where the court has not obtained jurisdiction of the infant by service of process and no guardian *ad litem* has been appointed for him, then the judgment is void. Adult parties cannot invoke the infancy of another party not represented by guardian *ad litem* to set aside the decree as to themselves."

Thomas Hildreth was not served with summons and was not represented by guardian. Therefore, as to him, the judgment is without force. It is not necessary here to draw a distinction between void and voidable decrees and judgments other than for the purpose of showing that the defendants who were served and were foreclosed cannot profit by the mortgagee's failure to procure a decree divesting the minor's interest.

Appellants (other than Thomas Hildreth) sat by for four years after their interests had been divested; and they now ask that there be restored to them that which the court, in 1934, decreed should be taken in satisfaction of the mortgagor's debt. As has been shown, the right of an infant to redeem his own estate and the equitable or legal interests of other tenants in common with him exists only where there has been no foreclosure of the interests of others for whose benefit he seeks to redeem, or where, because of jurisdictional matters, an attempted foreclosure is void.

The chancellor correctly announced the law; hence, the decree must be affirmed. It is so ordered.

HUMPHREYS, J., (dissenting). B. J. Hildreth and his wife joined in the execution of a mortgage on the 23rd day of December, 1925, conveying a tract of land in Columbia county containing 95 acres, particularly describing same, to secure an indebtedness of $625.20 to L. M. Dendy.

The note and mortgage were made due and payable on November 1, 1926.

B. J. Hildreth died intestate, seized and possessed of said land, in the year 1932, without having paid said mortgage and note, leaving surviving him about 36 heirs.

On the 8th day of January, 1934, a suit was filed by L. M. Dendy to foreclose said mortgage against a number of the heirs of B. J. Hildreth, deceased, but a number of them were not made parties defendant, perhaps as many as 11 of them, and some of them while named were not served with a summons. One of those named as an infant defendant in the amendment to the foreclosure complaint was not served with a summons nor otherwise notified of the pendency of the foreclosure suit and was not represented in said suit by a guardian *ad litem*.

Notwithstanding the failure to make all the heirs of B. J. Hildreth, deceased, parties defendant and notwithstanding the fact that service was not obtained upon all

of them, the court on the 23rd day of July, 1934, rendered a decree foreclosing the mortgage and directed the sale of the lands therein described to be sold by a commissioner to satisfy the indebtedness. The commissioner, D. C. Perry, advertised and sold the land on August 30, 1934, to the mortgagee, L. M. Dendy. The sale was reported to the court, confirmed and a deed to said land was made by the commissioner to L. M. Dendy in October, 1934. Said L. M. Dendy went into the possession of said land immediately and has been in possession thereof since that time enjoying the rents and benefits therefrom.

Appellants (36 in number) being the lawful and sole heirs of B. J. Hildreth, deceased, brought this suit in the chancery court of Columbia county on the 18th day of October, 1938, alleging that they were tenants in common of the equity of redemption in the 95 acres of land and that the foreclosure sale was void for failure to serve a large number of heirs of the pendency of the suit and particularly to serve Thomas Hildreth, one of the heirs, though named in the amendment to the complaint as an infant defendant, with summons in said foreclosure suit or otherwise notify him of the pendency of the suit and did not have a guardian *ad litem* appointed to represent him in the suit.

Appellants offered to pay appellee's debt and interest less rents and profits he had received from the land and prayed that they be permitted to redeem same.

Appellee filed an answer denying every material allegation in the complaint and pleaded the statute of limitations as a complete defense to the alleged cause of action, and after the cause had been pending and litigated in the court for about 2 years appellee filed an amended answer admitting that Thomas Hildreth was a minor at the time B. J. Hildreth died and that he is still a minor and that at the time B. J. Hildreth died Thomas Hildreth was an heir of B. J. Hildreth, deceased, and that when appellee brought his suit in 1934 to foreclose the mortgage Thomas Hildreth was not made a party to the foreclosure suit and was not served with summons in the

manner required by law; and further admitted that Thomas Hildreth at the time owned an undivided 1/64th interest in the entire land as tenant in common with the other heirs of B. J. Hildreth, deceased, and offered to apportion the debt to him at the time of the foreclosure in the sum of $724.52 and permit him to redeem a 1/64th interest in the lands by the payment of 1/64th of the indebtedness and interest and to that end prayed that the court make partition of the lands by commissioners appointed for that purpose and that a lien be declared on the said undivided 1/64th of the land and upon failure to pay 1/64th of the indebtedness, interest and costs that a time be fixed by the court for him to do so, and that in case that he should then fail to do so said 1/64th interest in the land be ordered sold for the satisfaction of 1/64th of the debt, interest and costs.

Appellant Thomas Hildreth, a minor, by his next friend, Ben Hildreth, filed a motion, which was joined in by all the other appellants, requesting the court to render a decree permitting him to redeem all the land for himself and his co-appellants by the payment of the entire debt and interest thereon secured by the mortgage.

And appellee then filed a response to the motion and reiterated his willingness that Thomas Hildreth be permitted to redeem his 1/64th interest in said lands by paying 1/64th of the whole debt and interest and praying that Thomas Hildreth be denied the right of redemption of the whole lands.

There being no dispute as to the facts, the issue presented by the pleadings becomes one of law which question, concretely stated, is whether a tenant in common has a right to redeem property described in a mortgage after a voidable foreclosure sale for the benefit of himself and his co-tenants even though his co-tenants were barred by the statute of limitations from redeeming same. This court decided in the case of *Norris* v. *Scroggins,* 175 Ark. 50, 297 S. W. 1022, that (quoting syllabi 6 and 7):

6. "One or more tenants in common have a right to redeem property after a void foreclosure sale for the

benefit of themselves and their co-tenants, even if the latter are estopped to make such redemption."

7. "So long as the relation of mortgagee in possession under a void foreclosure sale exists, the property is subject to redemption by owners and persons having a right to redeem."

In deciding that the minors had the right of redemption in the case of *Norris* v. *Scroggins, supra,* this court quoted from 3 Pomeroy's Equity Jurisprudence, § 1220, as follows:.

"Any person who holds a legal estate in the mortgaged premises, or in any part thereof, derived through, under, or in privity with the mortgagor, and any person holding either a legal or equitable lien on the premises, or any part thereof, under or in privity with the mortgagor's estate, may also in like manner redeem from the prior mortgage. No such redemption, however, is possible unless the mortgage debt is due and payable, nor unless the mortgage is wholly redeemed by payment of the entire amount of the mortgage debt. The debt being a unit, no party interested in the whole premises, or in any portion of them, can compel the mortgagee to accept a part of the debt, and to relieve the property *pro tanto* from the lien. Furthermore, if the person redeeming has only a partial interest in the premises, and there are other partial owners also interested in having the lien of the mortgage removed from their estates—such as co-owners, life tenants, reversioners, remaindermen, and the like—he cannot compel them, in the first instance, to advance their proportionate shares for the purpose of paying off the debt; he must himself redeem the whole mortgage, and his only equity against them consists in his right to enforce the mortgage upon their estates as a security for obtaining a subsequent contribution."

This court followed and applied the rule announced in the case of *Norris* v. *Scroggins, supra,* to the facts in the case of *Baker* v. *Boyd,* 196 Ark. 563, 119 S. W. 2d 524. In its opinion in the case of *Baker* v. *Boyd, supra,* this court decided (quoting syllabus 4) as follows: "Where

a mortgage on several pieces of land, some of which were improperly described, was foreclosed, minor heirs not properly served with process or represented by guardian were entitled to redeem the whole where it was sold as a unit, and not just that portion of the land that was improperly described."

Appellee relies upon *Rowland* v. *Griffin*, 179 Ark. 421, 16 S. W. 2d 457. That case was bottomed upon the case of *Railway Company* v. *James*, 54 Ark. 81, 15 S. W. 15, which is not applicable to cases like the instant case. In the instant case Thomas Hildreth had a right before the foreclosure decree to pay off the entire debt and redeem the entire estate and he has not been deprived of the right to do so by void foreclosure proceedings. The Railway Company in the case of *Railway Company* v. *James*, *supra*, did not have the right to redeem the entire premises by paying the entire lien debt.

The ruling of the chancellor in the instant case to the effect that Thomas Hildreth has the right to redeem only his 1/64th interest in the land as tenant in common is in our opinion in conflict with the cases of *Norris* v. *Scroggins* and *Baker* v. *Boyd*, *supra*, which rule the instant case. The rule followed by the learned chancellor in the case of *Missouri and North Ohio Railroad Co.* v. *James*, *supra*, as stated above is not applicable to the facts in the instant case.

SMITH and MEHAFFY, JJ., concur in this opinion.