## YOUNG *v.* LOWE.

### Opinion delivered April 4, 1921.

1. GUARDIAN AND WARD—NECESSITY OF APPOINTMENT OF GUARDIAN.— Crawford & Moses' Digest, § 80, vesting decedent's property, not exceeding $300 in value, jointly in his widow and minor children, does not require the appointment of a guardian for the minor children to protect their interest in such property.

2. DESCENT AND DISTRIBUTION—VESTING ESTATE IN WIDOW AND HEIRS. Crawford & Moses' Digest, § 80, vesting decedent's estate, not exceeding $300 in value, jointly in his widow and minor children, intended to give the property jointly to the widow and children, with the right in the widow to use the property by mortgage or otherwise for the benefit of herself and the children.

3. INJUNCTION—ESTATE VESTED IN WIDOW AND CHILDREN—BREACH OF TRUST.—Equity will enjoin a widow from using for her exclusive benefit property that was vested in her and her minor children for their joint benefit.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*Trimble & Trimble,* for appellants.

1. The court erred in the first paragraph of its oral instructions. It invaded the province of the jury, and was improper and prejudicial and unsupported by the evidence. As a question of law, the property did not descend to the wife and children jointly. Kirby's Digest, § 2636. The same error occurs in the third paragraph of the oral instructions.

2. The verdict is clearly without evidence to sustain it. The execution of the mortgage by John Lowe and wife to the Gates Mercantile Company was not authorized, and it acquired no title under the mortgage, and by the transfer of the note to Nichols he acquired no interest in the property and had no authority to take possession and dispose of it under the mortgage.

*Chas. A. Walls,* for appellees.

The widow and minor children were entitled to $300 of the personal estate absolutely and it was the duty of the probate court to make an order vesting that amount

in them. Kirby's Digest, § 3; *Ib.*, § 72. There is absolutely no evidence to support a verdict for plaintiff. Nichols had the right legally to sell the property under the mortgage to the Gates Mercantile Company, assigned to Nichols, and appellants were not entitled to recover any amount whatever.

McCULLOCH, C. J.   Appellees, who are infants suing by their next friend, instituted this action in the court below to recover damages for alleged conversion of certain personal property by the appellees, John Lowe and Tom Nichols.   It developed on the trial of the issues, from the undisputed testimony, that the property in controversy was a mule of the value of $65 and a lot of cattle of the value of $137, making a total of $202.   This was agreed upon during the progress of the trial as the value of the property in controversy.

It appears from the testimony that this property was originally owned, with other personalty, by Osia Young, the father of appellants, who died during the year 1915, leaving Florence Young, his widow, and appellants as his heirs at law.   There was no administration on the estate of Osia Young, and the property fell to his widow and minor children, being held and used by the widow for the benefit of herself and the children who resided with her.   The widow subsequently married appellee John Lowe.   Osia Young had mortgaged his personal property to a firm of merchants in Hazen, and John Lowe paid off the mortgage debt in the sum of $168 after he intermarried with the widow, and later Lowe and his wife mortgaged the property now in controversy, together with other personal property owned by John Lowe, to a firm of merchants in Lonoke, to secure an indebtedness for advances made to Lowe and his wife to enable them to farm.   The merchants assigned the mortgage and debt it secured to appellee Tom Nichols, who foreclosed the mortgage under the power contained therein.   This was after the death of Lowe's wife, the widow of Osia Young.   This suit was then instituted against Lowe and Nichols for the alleged conversion of

the property. The court submitted the issues to the jury, and a verdict was returned in favor of appellees.

There is an obscurity in the testimony as to the total value of the personal property left by Osia Young, but, for the purpose of testing the correctness of the judgment below, we assume either that the property did not exceed in value the sum of $300, or that, if the total value of the property exceeded that sum, the property in controversy was a part of that which, under the statutes of this State, went to the widow and children as against creditors. The statute provides that when the personal property of the estate of a decedent does not exceed in value the sum of $300 the same shall vest absolutely "in the widow and minor children, or widow, or children, as the case may be," and that "where the personal estate exceeds in value the sum of $300, the widow and minor children, or widow or children, as the case may be, may retain the amount of $300 out of such personal property at its appraised value." Crawford & Moses' Digest, § 80.

The evidence in the case warranted the conclusion that the widow of Osia Young used the property and mortgaged the same for the joint benefit of herself and minor children, and the question involved now is whether or not she was authorized to do this and to dispose of the property without the concurrence of a guardian for the minor children. It will be observed that the property under the circumstances described in the statute is vested jointly in the widow and minor children and not in severalty. This statute was enacted as a part of the administration statute and was designed for the protection of the widow and infant children of decedents who might have left estates of little value. It was designed to afford a method to expeditiously dispose of the property and hold it at as little expense as possible for the benefit of those on whom the title was cast. It is inconceivable, therefore, in this view of the matter, that the lawmakers intended to confer upon the infants such a separate right as would require the intervention of a guardianship in

order to protect their interest in the property and give them full enjoyment of it. If the statute be construed as having that effect, to require a guardian in order to enable the infant to enjoy the estate, its value would thus be frittered away in the expense of the guardianship. What the lawmakers obviously intended was to give the property jointly to the widow and children, and that the widow as the head of the family should have the right to use the property for the benefit of herself and the children. This does not mean that the infants are without remedy in the event the widow abuses the power thus conferred and uses the property for her own use in exclusion of the rights of the children. A court of equity would restrain such abuse of power as a violation of the trust. But there is no evidence in the present case of an abuse of authority by the widow. The children lived with her, according to the testimony, and there is nothing to show that she did not use the property or mortgage the property for the benefit of the children as well as for herself. This being true, the mortgage which she executed to the merchants was valid, and a foreclosure of the mortgage did not constitute a wrongful conversion of the property. The judgment is therefore affirmed.