4-5965　　　　　　　　　　　　140 S. W. 2d 113

Opinion delivered May 13, 1940.

*Talley & Talley* and *Wayne W. Owen,* for appellant.
*Witt & Witt* and *H. A. Tucker,* for appellee.

HOLT, J.　Zoe Della Moudy is the first wife of Joseph W. Bradley and Calvin Joseph Bradley, a minor, is a child of this marriage. Appellee, Alice Bradley, is the second wife of Joseph W. Bradley and was living with him at the time of his death. No children were born to this second marriage.

November 17, 1937, Alice Bradley filed petition in the Garland probate court asking for an allowance of $300 under § 80 of Pope's Digest out of the personal prop-

erty of her deceased husband. She made no mention in this petition of the minor, Joseph Calvin Bradley. She alleged that the personal property was much in excess of $300 in value.

December 1, 1937, the probate court granted her petition and entered an order allowing Alice Bradley, as administratrix of the estate of Joseph Bradley, deceased, to pay to herself, as his widow, $300 under § 80, $150 under § 86, $120 under § 84 of Pope's Digest, and in addition allowed her one-third of all the personal property and one-third of the cash in a local bank.

May 12, 1938, appellant herein, Zoe Della Moudy, mother and guardian of Joseph Calvin Bradley, filed a petition in the probate court alleging that she, as guardian, was entitled to a part of the $300 set aside to the widow, Alice Bradley, by the court in its order of December 1, 1937, and prayed for an order directing Alice Bradley, as administratrix of the estate of Joseph Bradley, to pay over to her the minor's part of this $300 allowance.

August 10, 1938, Alice Bradley, in her own right and as administratrix, filed a demurrer and response alleging that she had been allowed the sum of $300 as provided in § 80 of Pope's Digest; that she was the widow of Joseph Bradley, deceased, and that there were no children born to her and the deceased; that the petitioner, Zoe Della Moudy, is the mother of said child, but the wife of another man at the time of the death of Joseph Bradley; that the order allowing her the $300 was made at the October term of the probate court in 1937, and the petitioner's petition was not filed until May 12, 1938, a different term of said court; that the petition does not state that the minor is the sole and surviving heir of Joseph Bradley, deceased, and does not state the minor's age. Appellee asked that the petition be dismissed or that she have judgment on her demurrer. This demurrer was overruled October 6, 1938.

November 8, 1938, the probate court entered what it termed a *nunc pro tunc* order modifying the $300 allowance to Alice Bradley under § 80, *supra,* so as to give to

the widow $100 and $200 to the minor child, and accordingly ordered the administratrix of Joseph Bradley to pay over said sum of $200 to the minor. The order recited that it was entered now for then.

November 8, 1938, the probate court overruled appellee's motion to set aside this *nunc pro tunc* order. Thereupon, the administratrix appealed to the circuit court.

May 4, 1939, Zoe Della Moudy demurred to the jurisdiction of the Garland circuit court.

October 4, 1939, this demurrer was presented to the Garland circuit court and the court made the following findings: . . . and the said guardian [appellant here], having demurred to the jurisdiction of the court, to hear and determine the appeal of the administratrix and widow from the order and judgment of the probate court, rendered on October 12, 1938, modifying the order and judgment of the probate court made on the 1st day of December, 1937, allowing the widow, under § 80 of Pope's Digest, the sum of $300, and the court being well and sufficiently advised, overrules the demurrer of the said guardian.

"And it appearing from the records, that the allowance of $300 on December 1, 1937, was allowed to the widow, Alice Bradley, by the Garland county probate court, under § 80 of Pope's Digest, and that two or three terms of the said probate court has elapsed, before the guardian herein filed any petition or any other pleading, to have the said order and judgment of the court modified or changed, and that no order of the court was rendered until October 12, 1938, and that said order was a *nunc pro tunc* order, modifying the said order of December 1, 1937, so as to give the minor under § 80 of Pope's Digest the sum of $200 and the widow the sum of $100, and the court being well and sufficiently advised in the premises finds that the allowance to the widow on December 1, 1937, became after the lapse of the term, a judgment, and said probate court has no power, by *nunc pro tunc* order to change or modify same, after the lapse of the term.

"The court further finds that after the lapse of the term, said judgment was *res judicata.*

"The court, therefore, sustains the demurrer filed by the administratrix and widow [appellee here]."

From this action of the court comes this appeal.

Appellant urges here that the order of the probate court entered on November 8, 1938, termed a *nunc pro tunc* order, in which the court attempted to modify its order previously made on December 1, 1937, was a valid order within the power of the court to make for the reason that the first order was in violation of the specific terms of § 80 of Pope's Digest, and the second, or *nunc pro tunc* order, was a compliance with the provisions of said section.

It is our view that the first order of the probate court does not assume the force of a judgment which may be affected, in any way, by a *nunc pro tunc* order. It does not follow, however, that that order must stand when challenged by the minor, or his representative.

The minor, Calvin Joseph Bradley, was not a party to the proceedings at which the order in question was made. He was not in court by summons or represented in any manner.

While it is ordinarily true that an infant properly served with process, and for whom defense has been made in the manner provided by law, is concluded by a judgment as would be an adult, except as provided in § 8233 of Pope's Digest, yet in the instant case we have an order affecting the interests of this minor in a proceeding to which he was not a party, and for whom no defense was made. This minor, therefore, had, under § 8233 of Pope's Digest, twelve months after coming of age in which to move to have the order in question vacated. Relief may also be afforded to the minor under the provisions of the fifth paragraph of § 8246 of Pope's Digest reading as follows: "For erroneous proceedings against an infant, married woman or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings." *Wade* v. *Saffell,* 177 Ark. 1186, 9 S. W. 2d 803.

Section 8233 of Pope's Digest is as follows: "It shall not be necessary to reserve, in a judgment or order,

the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment.''

Section 80 of Pope's Digest provides that when the personal property of the estate of a decedent does not exceed in value the sum of $300 the same shall vest absolutely ''in the widow and minor children, or widow, or children, as the case may be,'' and that ''where the personal estate exceeds in value the sum of $300, the widow and minor children, or widow, or children, as the case may be, may retain the amount of $300 out of such personal property at its appraised value.''

It is our view that it was the clear intent and purpose of the legislature, by this provision, to make a special statutory allowance for the joint use of the widow and minor children. This allowance they are to have regardless of the claims of creditors against the estate. Our statute of descent and distribution (§ 4338 of Pope's Digest), therefore, does not apply to this $300 allowance.

It will be noted that this allowance is for the joint use of the widow and minor children. By this, we think, it is intended that they are to share equally. The widow cannot appropriate it to her own use to the exclusion of the minors. For example, if, as in the instant case, there be the widow and one minor child, and the widow does not have the care and custody of said child and is not its guardian, then the widow's share of this $300 allowance would be $150 and that of the minor, $150.

In construing this section of the statute in a case where the widow was the guardian of the minors, and they were in her care, the late Chief Justice McCulloch, in *Young* v. *Lowe,* 148 Ark. 129, 229 S. W. 4, speaking for this court, said:

''It will be observed that the property under the circumstances described in the statute is vested jointly in the widow and minor children and not in severalty. This statute was enacted as a part of the administration stat-

ute and was designed for the protection of the widow and infant children of decedents who might have left estates of little value. It was designed to afford a method to expeditiously dispose of the property and hold it at as little expense as possible for the benefit of those on whom the title was cast. . . .

"What the lawmakers obviously intended was to give the property jointly to the widow and children, and that the widow as the head of the family should have the right to use the property for the benefit of herself and the children. This does not mean that the infants are without remedy in the event the widow abuses the power thus conferred and uses the property for her own use in exclusion of the rights of the children. A court of equity would restrain such abuse of power as a violation of the trust."

We conclude, therefore, that the court erred in sustaining the demurrer of the administratrix and widow (appellee here), and for that reason the judgment is reversed, and the cause remanded with directions to the court to overrule the demurrer and proceed in a manner not inconsistent with this opinion.