JAMES, ADMINISTRATOR, *v.* WADE.

4-5980 141 S. W. 2d 13

Opinion delivered June 3, 1940.

 

*E. P. McCollum, E. P. McCollum, Jr.,* and *Graham Moore,* for appellants.

*J. G. Waskom* and *Lamb & Barrett,* for appellees.

MEHAFFY, J. In 1917, C. A. James, L. G. Moffat, B. J. Wade, and H. H. Wade formed a partnership under the name of C. A. James Timber Company, for the purpose of buying lands and conducting farming operations. C. A. James contributed $22,166.63, L. G. Moffat contributed $22,166.63, and B. J. Wade and H. H. Wade together contributed $22,084.31. The partnership continued until 1929 when C. A. James died. W. M. James, a son of C. A. James, was appointed and qualified as the administrator of the estate of C. A. James. In 1929, H. H. Wade died, and B. J. Wade was appointed and qualified as the administrator of the estate of H. H. Wade. J. G. Moffat and B. J. Wade were the surviving members of the partnership, and as such filed a suit in the chancery court of Poinsett county for the purpose of winding up the partnership and having a receiver appointed to carry on the partnership business pending a settlement of the partnership affairs. The court appointed C. E. Causey as receiver to take charge of the partnership property and manage it pending further orders of the court. Appraisers were appointed by the court, who filed their report on January 31, 1930, showing a total value of the entire estate, real and personal, as $125,668.63.

During the partnership B. J. Wade loaned the partnership $33,281.23, and L. G. Moffat loaned the partnership $24,581.23. It does not appear that any part of this indebtedness had been paid before James and Wade died, and on February 10, 1930, the court entered a decree which contained the following recital:

"On this 10th day of February, 1930, same being an adjourned day of the regular December, 1929, term of this court, this cause coming on for hearing, the plaintiffs appearing by their attorney, J. G. Waskom and the defendants appearing by their attorneys, Dudley & Dudley, this cause is submitted to the court upon the amended and supplemental complaint of plaintiffs with exhibits, answers of William M. James, and B. J. Wade, administrator and executor respectively of the estate of C. A. James, deceased, and H. H. Wade, deceased, to plaintiffs amended and supplemental complaint, motion of defendant, William M. James, administrator, and Maude James, widow of C. A. James, deceased, William M. James, Virgil A. James, and Grace James Brenner, adult daughter of C. A. James, deceased, Ann James, a minor, daughter of George C. James, deceased, son of C. A. James, deceased, entry of appearance of Maude James, William M. James, Virgil A. James, Grace James Brenner, service of summons upon Ann James, a minor, as required by law, appointment of Denver Dudley as Guardian and Attorney *ad litem* for Ann James, a minor, answer of Maude James, William M. James, Virgil James, and Grace James Brenner, and of Denver Dudley as guardian and attorney *ad litem* of Ann James, a minor, all filed herein and upon the promissory notes executed by C. A. James Timber Company in favor of plaintiffs, L. G. Moffat and B. J. Wade, for the aggregate sums hereinafter set out, which are filed herewith, and upon the appraisement of the real and personal property involved in this cause by L. V. Ritter, T. J. Bennet, and T. G. Staton, filed herein, and upon agreement of counsel for plaintiffs and defendants, from all of which the court finds: "that the partnership of C. A. James Timber Company was formed as stated

above, and that C. A. James and L. G. Moffat were each to receive one-third of the profits and bear one-third of the losses, leaving one-third of the profits and one-third of the losses to B. J. Wade and H. H. Wade. The court also found that there was certain indebtedness from the partnership to members of the firm, and set out the notes in detail. The decree provided that the property should not be sold by the commissioner or receiver for less than its appraised value, the court reserving full control of the suit, the right to hear the report of sale in vacation, and to order the property again offered for sale. There were no bidders at the first offer. Thereafter, pursuant to an order of the court, the receiver, on February 27, 1931, sold all the patnership assets to B. J. Wade and Gladys Simmons Moffat, as executrix of the estate of L. C. Moffat. On May 3, 1932, B. J. Wade, Gladys Simmons Moffat, Gladys Simmons Moffat, executrix of the estate of L. C. Moffat, T. B. Moffat, Gordon I. Moffat, and Samuel S. Moffat, executed a deed to J. A. Cash for a recited consideration of 600 bales of cotton. J. A. Cash thereafter conveyed the land to George Cash and Clifford May Hill.

Appellants state that the only question involved in this case is whether the surviving partners could purchase the partnership property at their own sale. That the statute of limitations might be involved, as well as the question whether the rights of a minor in the estate could be defeated because the administrator of the estate of C. A. James neglected and refused to attack the sale of the partnership assets to the surviving partners.

This action was instituted on June 29, 1939, by William M. James, as administrator of the estate of C. A. James, V. A. James, Mrs. William J. Brenner, Mrs. F. W. Morgan, as next friend of Ann James, a minor, in the chancery court of Poinsett county against B. J. Wade, Gladys Simmons Moffat, Gladys Simmons Moffat, as administratrix of the estate of L. C. Moffat, and the other appellees.

It was alleged that James and Wade had died and that the surviving members of the partnership brought suit in chancery court for the purpose of winding up the partnership and to have a receiver appointed to carry on the partnership business pending the settlement; that the court appointed C. E. Causey as receiver, and that on January 31, 1930, the appraisers appointed by the court filed their appraisement of the property; that on February 10, 1930, the court entered a decree, and on February 27, 1931, entered a *nunc pro tunc* order; that on February 27, 1931, the court entered an order approving deed to the real estate and sale of personal property by the said C. E. Causey, to B. J. Wade and Gladys Simmons Moffat, as executrix of the estate of L. C. Moffat. It is also alleged that the price for which the property sold was grossly inadequate, and constituted a fraud upon the heirs-at-law of C. A. James; that when they purchased the property they became trustees, holding said property for the benefit of the heirs at law of the said C. A. James, deceased; that on May 3, 1932, B. J. Wade, Gladys Simmons Moffat, executrix of the estate of L. C. Moffat, T. B. Moffat, Gordon I. Moffat, and Samuel S. Moffat, executed a deed to the property; that B. J. Wade and Gladys Simmons Moffat as executrix, were the surviving partners of the partnership of C. A. James Timber Company, and as such were precluded from purchasing the partnership property at a sale which was the result of the suit filed by said B. J. Wade and Gladys Simmons Moffat for the purpose of settling the affairs of the partnership that they were trustees of the partnership and as such were disqualified from purchasing at their own sale; that J. A. Cash was informed actually and constructively that the grantors in the deed were trustees and held the property in trust for the benefit of plaintiffs; that the purchase of the property at the receiver's sale was void, and the court was without authority to confirm and approve said sale. The prayer is for setting aside the sale and cancelling and setting aside the deed to Cash and for the court to order a new sale and that the defend-

ants be required to file an account, listing all assets of the partnership received by them, including rents and profits.

The defendants, who are appellees here, filed joint and separate answers denying the allegations of the complaint. There was no evidence introduced. Copies of orders and documents mentioned in plaintiff's complaint were attached and made part of the complaint.

There was a motion by the defendants for a decree on the pleadings, the plaintiffs being present by their attorneys, McCollum and Moore, and defendants by their attorneys, Lamb & Barrett and J. G. Waskom.

After hearing argument of counsel, the court held that the motion of defendants on the pleadings should be granted, and held that the complaint and the amendment thereto were without equity.

The pleadings and papers in this action filed in 1929 cannot be found, and all we know about the allegations in those pleadings is the recitals in the decree.

The appellants contend that the following are the questions before this court:

"First: May surviving partners of a partnership file an action to wind up the partnership affairs and become the purchasers of the entire assets at the sale?

"Second: Assuming that surviving partners can not become the purchasers of partnership assets at their own sale, are the heirs-at-law barred of enforcing their rights in the patnership assets by the statute of limitations?

"Third: Is a minor heir who was not legally made a party to the suit to wind up the partnership affairs barred by the statute of limitations, or enforcing her rights in the partnership property, when the administrator of the estate of her ancestor neglected and refused to take any steps to set aside the sale of the partnership property to the surviving partners?"

The appellants contend that the first question, that is, whether a surviving partner may file an action to

wind up the partnership affairs and become the purchaser has already been answered by this court in the negative. It is true, as a general proposition, that one cannot purchase at his own sale, but in this case, two of the partners died in June, 1929, and it became the duty of the surviving partners to wind up the affairs of the partnership. In order to do this, they filed a suit in chancery court and asked for the appointment of a receiver to conduct the partnership business until its affairs could be settled. We know of no procedure whereby the surviving partners could have proceeded where all interests would have been protected as well as in the chancery court.

Attention is called to the case of *French* v. *Vanatta*, 83 Ark. 306, 104 S. W. 141. In that case this court said: "But when a partner exercises the right of sale, he can not be the purchaser at the sale. Parsons well says: 'Thus, like other trustees, they can not sell the property of the firm and buy it themselves.' " The court cited Parsons on Partnership, § § 345, 348.

This was not a sale by one of the partners, but was a sale by an officer of the court, and the chancery court seems to have exercised the utmost caution to protect the interests of all the parties.

"When the sale is made under the direction of a court of equity by officers appointed by the court, it is not a sale by the trustees, and there is no rule or principle preventing him from becoming a purchaser. This is the doctrine of the Le Breton case, (*Fulton* v. *Le Breton*, 92 Cal. 457, 28 Pac. 490) and appellant has not succeeded in his effort to convince us that it does not apply here. Plaintiff admits in his pleading that the circuit court of Cook county, Ill., acquired jurisdiction of all parties to the partition proceedings, and that this plaintiff was one of them. The decree of that court therefore is *res judicata* and absolutely binding upon plaintiff.". *Plant* v. *Plant*, 171 Calif. 765, 154 P. 1058.

The first suit, the suit to wind up the partnership, was begun in 1929. The appellants in this case were all parties to the suit. It is true that one of them was a

minor, but as held in the case of *French* v. *Vanatta, supra,* the heirs, including this minor, were not necessary parties, because the interest of the minor was represented by the administrator. The court in the Vanatta case said: "But were the heirs necessary parties to the proceedings? The status of a partnership upon the death of one partner was fully considered by this court in *Coolidge* v. *Burke,* 69 Ark. 237, 62 S. W. 583. The court said: 'The law of descent and distribution operates upon the property of the individual, and not upon the property of the firm, and there is no individual property until the firm property is at an end, which does not occur until its debts are paid, its affairs closed, and the residue of the assets distributed.' "

In this case, however, the minor's interest was not only represented by the administrator in the suit of 1929, but she was represented by a guardian and an attorney *ad litem.*

The original decree recites: "service of summons upon Ann James, a minor, as required by law, appointment of Denver Dudley as Guardian and Attorney *ad litem* for Ann James". She is, therefore, as much bound by the decree of 1930 as the adult heirs.

In the case of *Zoe Della Moudy, Guardian of Calvin Joseph Bradley,* v. *Alice Bradley, ante* p. 630, 140 S. W. 2d 113, is was said: "While it is ordinarily true that an infant properly served with process, and for whom defense has been made in the manner provided by law is concluded by a judgment as would be an adult, except as provided in § 8233 of Pope's Digest, yet in the instant case we have an order affecting the interests of this minor in a proceeding to which he was not a party, and for whom no defense was made."

No appeal was taken from the decree of 1930, and no objection made to it.

The appellants do not charge fraud, except they say that the sale was for a grossly inadequate consideration and constituted a fraud upon the heirs. There is no allegation anywhere that the sale was not fair; in fact,

the chancellor seems to have exercised great care to bring about a fair sale. He appointed appraisers who appraised the property, and he then made an order that the property when offered, should not sell unless a bid equal to the appraisement was made. There was no bid for that amount, and no sale when it was first offered. It was thereafter offered for sale again, and was purchased by B. J. Wade and Gladys Simmons Moffat, as executrix. The court affirmed the sale, approved the deed made by the receiver, and so far as the record shows, no objection was made to the sale or to its confirmation. The real estate was afterwards sold to J. A. Cash, who later conveyed the property to George B. Cash and Clifford May Hill, who were made parties to this action.

The surviving partners themselves had a right to wind up the affairs of the partnership. They proceeded to do this through the chancery court where it appears that every precaution was taken to secure fairness and justice. While this court holds that a trustee cannot purchase at his own sale, as we have already shown, this was not a sale by the purchaser, but a sale by the receiver and an officer of the court. Everyone's interest seems to have been carefully protected.

The decree is affirmed.